Thomas Cusack Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 16464. Promulgated October 28, 1929.

*Camden R. McAtee, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, and *J. W. Carpenter, Esq.*, for the respondent.

OPINION.

Murdock: Counsel for the petitioner contended that the issue in the present case was res adjudicata, and in support of such contention he offered in evidence the entire proceeding before this Board in the case of *Thomas Cusack Co.*, Docket No. 1987, in which proceeding our report was promulgated on February 17, 1926, and published in 3 B. T. A., p. 828. This offer was objected to and the objection was sustained. We perceive no error in this ruling.

We have held on several occasions that our findings of fact in one proceeding may be offered in evidence in a subsequent proceeding in a proper case, and when so offered, they are prima facie correct. No such offer was made in this case however. On the contrary, counsel for the petitioner, apparently not particularly benefited by our findings of fact in the preceding case, offered in evidence the entire proceeding in that case. In explaining his purpose, he said that in that case the Commissioner had, in his final determination, allowed the value of Bulletin Plant and Wall Plant to be included in the computation of invested capital, but by his answer and at the trial of the case had affirmatively pleaded that the value of these items should not be included in invested capital. However,

he did not offer any proof in support of these, his affirmative allegations, and as a result, the Board did not give him a favorable decision in this connection. In such a situation it is apparent that the Board has never decided the question of the value of these assets nor the question of whether or not their value, if any, should be included in the computation of invested capital, but has only decided that, inasmuch as the burden of proof rested upon the Commissioner as to this issue, he has failed to show that the assets did not have the value asserted and has failed to show that this value should not be included in the computation of invested capital. Our decision in that case could in no way aid the petitioner in this case. Thus, the principle of res adjudicata has no application, and for this reason, if for no other, our ruling is proper.

The petitioner's counsel also offered certain evidence for the purpose of showing that information was submitted in conference to the Bureau of Internal Revenue which was sufficient to substantiate the value of Bulletin Plant and Wall Plant. The offer of this evidence was objected to and the objection was sustained.

Counsel for the petitioner explained that in the deficiency notice the following statement appeared: " Your contention that Bulletin Plant and Wall Plant should be included in invested capital is disallowed for the reason that the information submitted in conference is not sufficient to substantiate the value thereof, either as tangible property or intangible property subject to the 25 per cent limitation," and he contended that the issue raised by him was as to whether or not sufficient information had been submitted in conference to substantiate the value of these two items. The allegation in his petition in regard to the error committed in the determination of the tax is as follows:

Exclusion from invested capital of Bulletin Plant in the amount of $33,857.50, and Wall Plant in the amount of $10,000.

The Income Tax Unit and this Honorable Board for prior years has found capital stock of petitioner in the amounts aforesaid was issued for said Wall Plant and Bulletin Plant, being tangible property thereby acquired by petitioner, and for the year 1920, said Income Tax Unit has disallowed same for the alleged reason that information submitted in conference is not sufficient to substantiate the value thereof, either as tangible property or intangible property, subject to the 25% limitation.

The answer was in the nature of a general denial. Thus, it is our opinion that the issue which the petitioner contends has been raised has not been raised. Furthermore, even if it has been raised, it was a false issue and the real issue was the value of these items either as tangible property or intangible property for invested capital purposes.

Counsel for the petitioner next sought to offer in evidence the deposition of a witness taken in connection with the former proceeding

before this Board, above referred to, which had to do with the tax liability of the present petitioner for another year. This deposition was not offered in evidence by either party in the former proceeding. No notice was given previous to the offer of the deposition in this proceeding that the same would be offered in evidence, and no request was made for permission to offer the same. It was not shown that the witness was deceased or otherwise unavailable at the time of the hearing in the present proceeding. The offer of the deposition was objected to by counsel for the respondent and the objection was sustained. We perceive no error in that ruling.

One witness was then called who had not been with the company prior to 1921. It was contended that the assets were paid in for stock on September 1, 1906. The record does not show sufficient facts for us to decide the question of the value of these assets for invested capital purposes, for about the only material facts we can find are that the petitioner is a Kentucky corporation with its principal office in Louisville, where it was engaged in outdoor advertising; the taxes in controversy are income and profits taxes for the calendar year 1920; the Commissioner determined a deficiency of $1,734.90, and in so doing he excluded Bulletin Plant, $41,017.85, and Wall Plant, $10,100, in the computation of invested capital, which two items represented space leased or licensed for the erection of bulletins to carry advertising, and wall space leased or licensed on which advertising could be painted.

*Judgment will be entered for the respondent.*