RAYMOND SPECTOR AND SELMA SPECTOR, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 94867. Filed April 13, 1964.

*Morris W. Primoff,* for the petitioners.
*Edward Hance* and *W. T. Holloran,* for the respondent.

OPINION

RAUM, *Judge:* This is a proceeding on an order to show cause, as more fully hereinafter set forth.

The Commissioner determined certain deficiencies in income tax against petitioners, husband and wife, for the years 1955–58, and they filed a petition in this Court contesting those deficiencies on October 30, 1961. On November 1, 1961, Jack A. Rothenstein, a member of the bar of this Court, entered his appearance for the petitioners. Thereafter, on December 10, 1962, the clerk of this Court served notice setting the case for trial in New York on March 18, 1963.

As a result of four separate settlement conferences between Rothenstein and representatives of the Government, a settlement agreement was entered into and signed by Rothenstein for the petitioners and by (or on behalf of) the Chief Counsel of the Internal Revenue Service for the Government. In that agreement it was stipulated that "the Court may enter" a decision the terms of which were set forth in full in the document containing the stipulation. That stipulation was received by the Court on March 8, 1963, the decision, agreed upon by counsel, was signed by Judge Tietjens of this Court, and that decision was entered March 11, 1963. That decision read as follows:

Pursuant to agreement of the parties in the above-entitled case, it is

ORDERED and DECIDED: That there are deficiencies in income taxes due from the petitioners for the taxable years 1955, 1956 and 1957 in the amounts of $58,995.79, $850.31 and $232.00, respectively, and that the following statement shows the petitioners' income tax liability for the taxable year 1958:

| | |
|---|---|
| Tax liability | $12,662.17 |
| Tax assessed and prepaid | 1,554.01 |
| Deficiency (to be assessed) | 11,108.16 |

(Signed)  NORMAN O. TIETJENS,
*Judge.*

On May 13, 1963, a "Motion to Vacate Decision" was filed on petitioners' behalf, signed by Morris W. Primoff, a member of the bar of this Court, who, on June 5, 1963, entered his appearance. That motion alleged, *inter alia*, that "the respondent was not aware of all the pertinent facts," particularly those relating to a claimed 1958 net operating loss carryback which would have eliminated the deficiency for 1955. It alleged also that there was a net operating loss for 1959 which was not taken into account as a carryback in determining liability for the years 1956–58. The motion further alleged that the Government representatives were not aware of the 1959 net operating loss carryback and that petitioners' representative had not imparted to them any information concerning that issue.

On June 5, 1963, Rothenstein moved to withdraw as counsel, indicating an understanding that petitioners "have other counsel representing them." That motion was granted June 6, 1963.

On June 10, 1963, Judge Tietjens entered the following order:

For cause appearing of record, it is

ORDERED that the decision entered in this case on March 11, 1963, is hereby vacated and it is further

ORDERED that the parties shall show cause at 10:00 A.M., July 10, 1963, at Washington, D.C., why the Court should not enter a decision in accordance with the stipulation of the parties and the proposed decision received by the Court on March 8, 1963.

(Signed)   NORMAN O. TIETJENS,
*Judge.*

After several continuances, requested by the parties, a hearing was had on March 3, 1964, in New York [1] on the matters covered by the order to show cause. Petitioners' present counsel, Morris W. Primoff, presented evidence in support of petitioners' position, and the Government presented evidence in opposition thereto. We heard oral testimony and received certain exhibits in evidence.

We are fully satisfied that there is no basis for setting aside the agreed settlement heretofore filed with the Court on March 8, 1963, that the decision entered in accord therewith on March 11, 1963, was proper, that the order to show cause which vacated that decision on June 10, 1963, should be discharged, and that the proposed decision received by the Court on March 8, 1963, should be entered in accordance with the stipulation.

The evidence presented to us persuades us that counsel for the parties were not laboring under any misapprehension or mutual mistake of fact when they executed the settlement agreement. One of the witnesses at the hearing was petitioner's former representative, Rothenstein. We are satisfied that he and Government counsel were fully aware of the matters that petitioners' new counsel seeks to press upon us as a basis for invalidating the settlement agreement. These matters, particularly the possible carryback from 1958, were taken into account by them in reaching the settlement agreement.

As to that possible carryback from 1958, counsel were highly sensitive to the consequences of not pressing the claimed deduction for 1958 that would give rise to the net operating loss carryback. The Government's position was that the claimed deduction was in reality a nondeductible capital item; and the effect of the settlement was to increase the basis of stock owned by petitioners, thereby providing tax benefits for subsequent years that would offset at least in part the concession for 1958. The facts that would support petitioners' claim to the deduction for 1958 were known to both sides, and the settlement was arrived at in the light of known facts and the possibly conflicting interpretations that could be placed upon such facts. The agreement

---

[1] At the suggestion of the parties, and for their convenience, the hearing was held in New York rather than in Washington, as originally specified in the order to show cause.

was reached after making calculated judgments based upon a full evaluation of all pertinent matters. We do not intend to suggest that even if the matters alleged by petitioners' new counsel were true the stipulation could be set aside in the absence of fraud or like cause, cf. *Fred M. Saigh, Jr.*, 26 T.C. 171, 180; it is sufficient for present purposes to note that there were no such circumstances as alleged.

As to the allegation relating to the carryback from 1959, only a word is necessary. The settlement agreement in no way affects any such possible carryback, as yet undetermined. When and if any such carryback is determined, petitioners' rights in respect thereof are fully protected. Sec. 6511(d)(2), I.R.C. 1954.

Petitioners' present counsel also argued at the hearing that Mrs. Spector was not consulted by Rothenstein prior to signing the settlement agreement, and testimony by her bears him out. However, the evidence shows that Rothenstein did consult with Mr. Spector, who acquiesced in the settlement, notwithstanding that he was plainly unhappy about it. Rothenstein had a power of attorney signed by both spouses on January 29, 1962. Its terms were broad and sweeping. It provided as follows:

KNOW ALL MEN BY THESE PRESENTS that I RAYMOND SPECTOR and SELMA SPECTOR, residing at 136 East 46th Street, in the Borough of Manhattan, City and State of New York, individually, jointly, and severally, do hereby constitute and appoint JACK A. ROTHENSTEIN, of 850 Third Avenue, New York 22, New York, my agent and attorney to appear for me, and represent me, before the Treasury Department, in connection with any matter involving federal income taxes for the taxable years, 1955, 1956, 1957 and 1958, in which I am a party, giving my said attorney full power to do everything whatsoever requisite and necessary to be done in the premises, and to receive checks, to execute waivers of the statute of limitations and to execute closing agreements as fully as the undersigned might do in my own capacity, with full power of substitution and revocation, at any time subsequent to the date hereof and prior to the revocation hereof.

It is requested, that a copy of all communications addressed to the undersigned regarding any matter in which my said attorney is hereby authorized to act, be addressed to JACK A. ROTHENSTEIN, 850 Third Avenue, New York 22, New York.

IN WITNESS WHEREOF, I have hereunto executed this instrument this 29 day of January, 1962.

(S)  Raymond Spector.
(S)  Selma Spector.

We think that Rothenstein had full authority thereunder to enter into the settlement in question. He did in fact consult with Mr. Spector, although he perhaps was not required to do so, and throughout the handling of the controversy he reasonably understood Mr. Spector to be the spokesman for both spouses. Mrs. Spector was a witness before us, and it was abundantly clear to us that she had very little comprehension of the matters involved, and that she relied upon her husband. Rothenstein was plainly not required to seek any oral ap-

proval from Mrs. Spector in these circumstances, where his written authority was already complete and where he in any event had oral confirmation for the particular settlement from Mr. Spector who obviously spoke for both petitioners.

It would cast doubt upon virtually thousands of settlement stipulations filed in this Court involving married petitioners living together who had filed joint returns, if decisions entered in accordance with such stipulations were open to attack by charges that counsel of record with full authority to represent both spouses had consulted only one of them prior to executing the stipulation. In any event, there is no basis in this case for setting the agreement aside. This appears to us to be a case merely where a party has second thoughts about a settlement and retains new counsel in an effort to upset it. There are no valid grounds here to attain that end.

The order to show cause will be discharged, and decision will be entered in accord with the stipulation heretofore filed.