YELLOW CAB COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1512–62.    Filed November 5, 1964.

*Lawrence Casey*, for the petitioner.
*Jay B. Kelly*, for the respondent.

### OPINION

MURDOCK, *Judge:* The respondent determined deficiencies for 1958 and 1959 in the income tax of the petitioner.  This case was originally set for trial on January 6, 1964, in Chicago at which time the petitioner was permitted to file an amendment to the petition alleging "that the petitioner had sustained a net operating loss of not less than $1,139,176.11 for the taxable year ended December 31, 1962" and claiming a carryback of "not less than $281,803.52" as a deduction for 1959 which would result in a refund for 1959.  These allegations were denied by the Commissioner who simultaneously filed a motion for a continuance on the ground that the petitioner's return for 1962 was still being audited by the district director of internal revenue and the best interests of all concerned would be served by having the 1962 return first considered by the district director.  The continuance was granted and the case was later set for trial on September 22, 1964.

The case was called for trial on September 22, 1964.  The parties first filed a stipulation agreeing that additional tax was due for each year as claimed by the Commissioner in an amendment to his answer.  The parties then proposed to go to trial on the sole question of whether the petitioner was entitled to a net operating loss deduction for 1959 based upon an alleged net operating loss for 1962.  However, counsel disclosed to the Court that the situation as to 1962 was no different from what it had been on January 6, 1964, when the case was not ready for trial because the return for 1962 was still being audited by the district director.  Obviously trial of the question of whether the petitioner had a net operating loss for 1962 which could give rise to a net operating loss deduction for 1959, would be premature while the return for 1962 was still being audited and no conclusion had been reached by or on behalf of the Commissioner to the 1962 taxes or a net operating loss for that year.  The Commissioner need not reach his conclusion as to 1962 tax matters of this petitioner before March 15, 1966 (see secs. 6501, 6212(a), and 6503(a)), and the question arises whether the taxes for the years 1958 (as to which there is now no controversy) and 1959, must await such a conclusion or whether they might be closed,

without injustice, upon the stipulation of the parties now in this record, which settles all other issues pleaded. The Court advised the parties on September 22, 1964, that a trial of the net loss deduction question would be premature until the Commissioner had concluded his consideration of the 1962 return and its effect, if any, upon 1959 taxes. It also advised the parties at that time that it would consider what action it might take as to 1958 and 1959 taxes, without terminating the petitioner's rights with respect to any possible carryback from 1962 to 1959.

Congress expressly made exceptions to the normal limitations period for filing claims for credit or refund to protect the taxpayer as to all years prior to the loss year to which the carryback provisions apply.[1] Section 6511(d)(2)(A) provides that a claim for credit or refund relating to an overpayment attributable to a net operating loss carryback may be filed by a corporation on or before the 15th day of the 39th month following the end of the net operating loss taxable year. Thus, the cutoff date for filing a claim for credit or refund based upon carrying back a 1962 net operating loss for a 1959 deduction will be March 15, 1965. Cf. sec. 6411 (a) and (b).

Section 6511(d)(2)(B) is entitled "Applicable rules." Its last sentence is to the effect that a determination of the Tax Court, upon becoming final, shall not be conclusive with respect to a net operating deduction and its effect, "to the extent that such deduction is affected by a carryback which was not in issue in such proceeding." This raises the question of whether a carryback is in issue in this proceeding. Apparently this is a question of first impression.

The Tax Court, in determining the tax for any year properly before it, has jurisdiction under section 6214(b), I.R.C. 1954, to consider such facts with relation to the taxes of other years, not before it, as may be necessary to determine the tax for the year before it, "but in so doing shall have no jurisdiction to determine whether or not the tax for any other year has been overpaid or underpaid." This provision, in the light of others mentioned herein, does not mean that the Tax Court should ever usurp or interfere with the orderly procedures or functions of the Commissioner of Internal Revenue by stepping in ahead of him to determine whether or not the taxpayer had a net operating loss for some subsequent year still open for timely action by the Commissioner or to determine what part of any such loss might be carried back to a year properly before the Court. Intolerable confusion in tax administration and delay in closing years before the Court would result from any such unwise and unauthorized interference.

---

[2] It also protected the Commissioner. Sec. 6501(h).

The present taxpayer still has ample time within which to file a claim for credit or refund of any 1959 tax to which it may be entitled resulting from a 1962 net operating loss and, if necessary, it can secure a day in court to protect its rights in that connection. The Tax Court, however, was established as a tribunal in which taxpayers could contest some final adverse action of the Commissioner by raising that action as an issue before that Court. Here, the Commissioner has not yet taken any final action but is still considering what action he will take as to a 1962 net operating loss. Meanwhile, there is no final action of his upon which to base any issue relating to such a loss.

It is the opinion of the Court, formed in the light of the purpose of Congress in creating the Tax Court and of the provisions set forth above which Congress has enacted with respect to net operating loss carrybacks, that a net operating loss question still being timely considered by the Commissioner in the ordinary course of his audit of a return, on which he has not yet reached any final conclusion, may not be the basis of a proper issue before the Tax Court. Any decision of such a matter by the Tax Court would be an unwarranted interference by the Court with the functions of the Commissioner. The amendment to the petition filed January 6, 1964, is premature and an effort to raise what is at this time a false issue in the proceeding. Cf. *Thomas Cusack Co.*, 17 B.T.A. 1105; *Andrew Little, Jr.*, 34 TC 156, affd. 294 F. 2d 661 (C.A. 9, 1961). The amendment and the answer thereto are hereby stricken from the pleadings in this case and the 1962 carryback is not an issue in this case. If the Commissioner should finally conclude that a net operating loss occurred in 1962, the carryback to 1959 is required by the Code, but in any event the action here being taken in no way affects any such carryback as yet undetermined and the taxpayer can still fully protect its rights. Cf. *Raymond Spector*, 42 T.C. 110, 113.

*Decision will be entered for respondent per stipulation.*