T.C. Memo. 1997-451


UNITED STATES TAX COURT


ROBERT D. GROSSMAN, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket Nos.  20526-90, 14364-91.      Filed October 1, 1997.


 Petitioner (P) claims that two of the concessions
that the Commissioner made in P's wife's (W's) dockets
are applicable to P's dockets for purposes of the Rule
155 computations in his dockets.

 <u>Held</u>:  The concessions that the Commissioner made
in W's dockets are not applicable to P's dockets.


 <u>Robert D. Grossman, Jr</u>., pro se.

 <u>Stephen L. Braga</u>, <u>Eric F. Horvitz</u>, and <u>Miriam L. Fisher</u>,[1]

[*] This opinion supplements our previously filed Memorandum
Findings of Fact and Opinion in <u>Grossman v. Commissioner</u>, T.C.
Memo. 1996-452, filed Oct. 7, 1996.

[1] Miriam L. Fisher was given leave to withdraw as counsel
in these dockets after petitioner's first memorandum of law was
filed and did not have any responsibility for petitioner's final
               (continued...)

for petitioner.

    <u>John C. McDougal</u>, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION

    CHABOT, <u>Judge</u>:  This matter is before us on the parties'
dispute as to entry of decision pursuant to Rule 155,[2] regarding
the additions to tax under section 6661[3] (substantial
understatement of income tax) for 1985 and section 6653(b)(1)(A)
(fraud) for 1986.

    Our opinion in these cases, <u>Grossman v. Commissioner</u>, T.C.
Memo. 1996-452, primarily concerned whether petitioner, a tax
attorney, committed fraud by failing to report constructive
dividends after causing a group of closely held corporations to
pay for his family's vacation trips.  In that opinion, we held
petitioner liable for fraud additions to tax for 1985 and 1986;
also we concluded that petitioner conceded the section 6661
addition to tax for 1985.

---

    [1](...continued)
memorandum of law.

    [2]    Unless indicated otherwise, all Rule references are to
the Tax Court Rules of Practice and Procedure.

    [3]    Unless indicated otherwise, all section references are
to sections of the Internal Revenue Code of 1954, or the Internal
Revenue Code of 1986, as in effect for the respective years in
issue.

Background

Petitioner and his then-wife, Betsy Grossman (hereinafter sometimes referred to as Betsy), filed joint tax returns for 1985 and 1986. Respondent issued a joint notice of deficiency to petitioner and Betsy for 1985 and several other years, and another joint notice of deficiency for 1986. Petitioner and Betsy filed separate petitions with respect to these notices of deficiency. Petitioner's and Betsy's dockets were consolidated and set for trial. Shortly before the scheduled trial, the Commissioner and Betsy reached settlement agreements. These agreements were filed as stipulations of settled issues. Petitioner's dockets were then reset for trial at a later date; they were tried and briefed; and T.C. Memo. 1996-452 was issued.

Betsy is the only petitioner in docket No. 19143-90. The stipulation of settled issues in that docket includes the following:

> With respect to all adjustments in the [Commissioner's] notice of deficiency for 1986, the parties stipulate to the following terms of settlement:
>
> 1. [Betsy] agrees not to further contest [the Commissioner's] determination that, during taxable year 1986, [Betsy] and her husband, Robert D. Grossman, Jr., received additional taxable income in the form of personal travel expenses paid by Markette Corporation in the amount of $11,660.00 which was not reported on the joint income tax return filed by [Betsy] and her husband for that year.
>
>         \*    \*    \*    \*    \*    \*    \*
>
> 3. In the event it is established or agreed by the parties in Robert D. Grossman, Jr.'s, Tax Court case, Docket

No. 20526-90, that any of the travel expenses referred to in paragraph 1, above, were incurred primarily for the benefit of Markette Corporation and did not constitute income reportable on their joint return, [the Commissioner] agrees to reduce the deficiency and additions to tax herein agreed to by [Betsy] by corresponding amounts.

4. [Betsy] agrees to the imposition of the additions to tax under I.R.C. §§ 6653(b)(1)(A) and 6653(b)(1)(B) for 1986 in the respective amounts of 65 percent of the amount calculated under that section on the deficiency as determined under paragraphs 1 through 3, above, * * * [The Commissioner] concedes the balance of the addition to tax under I.R.C. §6653(b)(1)(A).[4]

5. When the decision in Docket No. 20526-90 becomes final, [Betsy] and [the Commissioner] will submit to the Court a stipulated decision giving effect to the above-described settlement.

Betsy is the only petitioner in docket No. 14208-91. The stipulation of settled issues in that docket includes the following:

With respect to all adjustments in the [Commissioner's] notice of deficiencies for 1983, 1984, 1985, 1987 and 1988, the parties stipulate to the following terms of settlement:

1. [Betsy] agrees not to further contest [the Commissioner's] determination that, during taxable years 1983, 1984, and 1985, [Betsy] and her husband, Robert D. Grossman, Jr., received additional taxable income in the form of personal travel expenses and medical expense reimbursements paid by Markette Corporation in the respective total amounts of $19,119.70, $13,452.26 and $23,069.34 which was not reported on the joint income tax returns filed by [Betsy] and her husband for those years.

* * * * * * *

---

4 We do not express any view in the instant opinion as to whether the parties' agreement in Betsy's docket, regarding the partial concessions of the fraud addition to tax, can be given effect in precisely the form in which the agreement was made.

4.   In the event it is determined or agreed by the parties in Robert D. Grossman, Jr.'s, Tax Court case, Docket No. 14364-91, that any of the travel expenses referred to in paragraph 1, above, were incurred primarily for the benefit of Markette Corporation and did not constitute income reportable on their joint return, [the Commissioner] agrees to reduce the deficiencies and additions to tax herein agreed to by [Betsy] by corresponding amounts.

5.   * * * The parties agree to settle the income tax case for said years [1983, 1984, and 1985] for an assessment against [Betsy] of 65 percent of the deficiencies determined under paragraphs 1 through 4, above.

*     *     *     *     *     *     *

7. [The Commissioner] agrees to concede the addition to tax under I.R.C. §6661 for taxable year 1985.

*     *     *     *     *     *     *

10. When the decision in Docket No. 14364-91 becomes final, [Betsy] and [the Commissioner] will submit to the Court a stipulated decision giving effect to the above-described settlement.

## Discussion

Petitioner contends that he is entitled to the benefit of two of the concessions that the Commissioner made in the stipulations of settled issues in Betsy's dockets, as follows:

(1) Thirty-five percent of the 1986 addition to tax under section 6653(b)(1)(A), stipulation 4 in Betsy's docket 19143-90; and

(2) All of the 1985 addition to tax under section 6661, stipulation 7 in Betsy's docket 14208-91.

These two concessions are hereinafter sometimes collectively referred to as the claimed concessions.

Petitioner maintains that (1) in light of the preambles of the stipulations of settled issues of Betsy's dockets, the literal language of the claimed concessions applies to him, and (2) respondent should be held to the claimed concessions. Respondent contends that the concessions that the Commissioner made in the stipulations of settled issues in Betsy's dockets do not have any bearing on the disposition of the issues in petitioner's dockets.

We agree with respondent.[5]

The compromise and settlement of tax cases is governed by general principles of contract law. Dorchester Indus. Inc. v. Commissioner, 108 T.C. 320, 330 (1997). In Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969), we stated that:

> a compromise is a contract and thus is a proper subject of
> judicial interpretation as to its meaning, in the light of
> the language used and the circumstances surrounding its
> execution. [Citations omitted]

---

[5] Where petitioner and Betsy are liable for the same item, a payment by one in effect extinguishes the obligation of the other to make the same payment. Thus, Betsy's agreements with the Commissioner may ultimately affect how much petitioner may be called on to pay. However, this consequence of payment of liability by one of the jointly liable taxpayers does not affect the deficiency redeterminations that we enter in the case of the other jointly liable taxpayer. Kroh v. Commissioner, 98 T.C. 383, 391-394 (1992). In the instant cases, we deal only with the decisions to be entered in petitioner's dockets, and not with the amounts that petitioner may be called on to pay.

In <u>Dorchester Indus. Inc. v. Commissioner</u>, 108 T.C. at 330, we stated, quoting <u>Manko v. Commissioner</u>, T.C. Memo. 1995-10, that:

> For almost a century, it has been settled that voluntary settlement of civil controversies is in high judicial favor. <u>Williams v. First Natl. Bank</u>, 216 U.S. 582, 595 (1910); <u>St. Louis Mining & Milling Co. v. Montana Mining Co.</u>, 171 U.S. 650, 656 (1898). A valid settlement, once reached, cannot be repudiated by either party, and after the parties have entered into a binding settlement agreement, the actual merits of the settled controversy are without consequence. This Court has declined to set aside a settlement duly executed by the parties and filed with the Court in the absence of fraud or mutual mistake. <u>Stamm Intl. Corp. v. Commissioner</u>, 90 T.C. 315 (1988); <u>Spector v. Commissioner</u>, 42 T.C. 110 (1964). However, a court will not force a settlement on parties where no settlement was intended. <u>Autera v. Robinson</u>, 419 F.2d 1197 (D.C. Cir. 1969).

When we examine the language used and the surrounding circumstances, we see that the stipulations of settled issues in Betsy's dockets are styled "Betsy S. Grossman, Petitioner" and show the docket numbers of Betsy's dockets in the headings; they do not show petitioner's name or the docket numbers of his cases in their headings. Although Betsy's petitions result from joint notices of deficiency, Betsy's dockets deal only with Betsy's deficiencies and not with petitioner's deficiencies. The stipulations of settled issues in Betsy's dockets purport to be agreements between the parties in those dockets; petitioner is not and never was a party in those dockets.

In the context of the foregoing, the simplest and most direct interpretation of Betsy's and the Commissioner's

stipulations as to the section 6653(b) addition for 1986 and the section 6661 addition for 1985 is that the stipulations establish and limit Betsy's liabilities and not petitioner's liabilities. See supra note 5.

In Quinones v. Commissioner, T.C. Memo. 1988-269, an opinion to which petitioner has drawn our attention, we dealt with a situation in which the taxpayer and the Commissioner agreed to a settlement of the case before the Court. A condition of that settlement was that the Commissioner act in a specified manner with regard to a related dispute with another taxpayer. The Commissioner's counsel apparently decided that he had made a bad bargain for his client and moved to vacate the stipulated decision in the case before the Court. We denied the motion.

Thus, it is clear that a settlement in a case before the Court can have, as part of the contract, an agreement as to treatment of a different taxpayer in a different dispute. However, in Quinones it was plain from the exchange of letters that constituted the parties' agreement, that resolution of the other dispute was part of the quid pro quo of the agreement. In contrast, we search in vain through the claimed concessions for any reference to petitioner or the instant cases. Indeed, the only references to petitioner or the instant cases that appear in the stipulations of settled issues in Betsy's dockets are those that relate to Betsy's entitlement to the benefit of certain

matters if these matters are resolved in petitioner's favor in petitioner's dockets.

The clear textual presence of an agreement to give Betsy the benefit of certain possible successes by petitioner and the clear textual absence of an agreement to give petitioner any benefit of any successes by Betsy bolsters our conclusion that the text of the stipulations in Betsy's dockets does not contain any hidden or implied benefits for petitioner.

Petitioner maintains that:

> Here, Respondent, with full knowledge that Petitioner was covered by the same notices of deficiency, entered into the agreements with Betty Grossman which, by their plain and unambiguous terms and without limitation, conceded certain adjustments 'with respect to' Petitioner's deficiency notice.

We read the stipulations of settled issues in Betsy's dockets as dealing with, or providing rules for resolution of, only Betsy's liabilities with respect to the notices of deficiency, with petitioner's liabilities being referred to only insofar as Betsy and the Commissioner agreed was appropriate in determining Betsy's liabilities. Thus, we do not read the stipulations of settled issues in Betsy's dockets as providing any concessions with regard to petitioner's liabilities for the section 6653(b) addition for 1986 or the section 6661 addition for 1985.

Petitioner contends that we should prevent respondent from taking inconsistent positions in his and Betsy's cases;

petitioner relies on our analysis in Cluck v. Commissioner, 105 T.C. 324 (1995). In focusing on our determination in Cluck to hold a taxpayer to the stipulation that the taxpayer's husband had entered into in an earlier proceeding, petitioner overlooks the setting of Cluck. In the earlier Cluck proceeding the taxpayer's husband, as executor of his mother's estate, had stipulated to a $1,420,000 date-of-death fair market value of property included in the estate; decision was entered in that estate tax case on the basis of this settlement stipulation; and the taxpayer's husband's inherited portion of that property amounted to $355,000. Cluck v. Commissioner, 105 T.C. at 329, 331. The taxpayer's husband then sold the property. Id. at 331. The taxpayer and her husband filed separate tax returns for the year of the sale, but filed a joint tax return for a year to which a claimed net operating loss was carried. Id. at 326-327. For purposes of determining the amount of the claimed net operating loss carryover to the joint tax return year it became important to determine the taxpayer's husband's gain or loss on the sale of the inherited property. In Cluck the taxpayer contended that her husband's basis in the inherited property was really $625,000, and not the $355,000 that would have resulted from the settlement of the estate tax case. Id. at 331.

The duty of consistency stops a party from unfairly benefiting from that party's own error or omission under certain

circumstances.  In <u>Cluck</u> we held that the taxpayer's husband would be precluded, by the duty of consistency, from contending that he had a basis in the inherited property of more than the $355,000 amount used in settling the estate tax litigation.  <u>Id.</u> at 333.  We then went on to hold that the taxpayer should be bound by her husband's stipulation in the circumstances of that case.  In the instant cases we do not find, and petitioner does not contend, that respondent has benefited, fairly or unfairly, by the stipulations in Betsy's dockets as to the claimed concessions.

As a result, <u>Cluck</u> is irrelevant to the instant cases, except by way of contrast.

Finally, petitioner contends that our recent Court-reviewed opinion in <u>Dorchester Indus. Inc. v. Commissioner</u>, 108 T.C. 320 (1997), supports his contention that respondent's counsel--

> must live with the words he drafted in Stipulations filed with the Court, regardless of his intention unless [respondent's counsel] can show extreme facts, which would entitle him to avoid a judgment.

Respondent does not seek in these proceedings to repudiate the stipulations of settled issues in Betsy's dockets; we do not, in our determination herein, relieve respondent of any of those stipulations.  We merely conclude that, under the language of those stipulations petitioner is not entitled to the claimed concessions.

We so hold.[6]

                    <u>Decisions will be entered</u>

                    <u>in accordance with respondent's</u>

                    <u>Rule 155 computations</u>.

---

[6]    The foregoing resolves the dispute as to both of the claimed concessions.  In addition, sec. 6653(b) provides that the fraud addition to tax does not apply to a spouse on a joint tax return unless some part of the underpayment is due to that spouse's fraud.  Thus, a determination of one spouse's fraud liability may well be different from a determination as to the other spouses's fraud liability.  E.g., <u>Stone v. Commissioner</u>, 56 T.C. 213, 226-228 (1971).