## LA FLORIDIENNE J. BUTTGENBACH & CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 6496.

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1933.

J. G. Korner, Jr., of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Norman D. Keller, Sp. Assts. to the Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Shelby S. Faulkner, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The Board of Tax Appeals denied the joint petition of the taxpayer and the Commissioner of Internal Revenue to vacate and set aside an order redetermining a tax deficiency entered January 19, 1927, and to enter instead an order agreed on. The denial was based on a supposed want of power to set aside the order, as we are assured by counsel and as is indicated by the dissent filed by four members of the Board. The circumstances are extraordinary. The taxpayer, an alien corporation, was assessed with taxes, and its representative, a layman inexperienced in tax matters, conferred with an agent of the Bureau of Internal Revenue in charge of the case, who, not knowing of the changes in the law touching decisions of the Board of Tax Appeals made by the Revenue Act of 1926, represented that the taxpayer's contention that it was not subject to taxation could best be asserted by agreeing on the amount of the tax in a stipulation before the Board, paying the resulting redetermination, and then applying for refund to the Commissioner, who would make the refund if the taxpayer was found not taxable. This was all done by the taxpayer, but the Commissioner after long delay decided on February 25, 1931, that, though the supposed taxpayer was not liable to any tax, and was entitled to have back what had been collected, under the Revenue Act of 1926, § 284 (d), 26 USCA § 1065 (d), he could not make a refund in the face of the redetermination by the Board, notwithstanding the Board had not in fact passed upon the question of nonliability; and that an amendment or correction of the Board's order was necessary. The Commissioner thereupon signed a stipulation with the taxpayer showing the overpayment and its amount, and agreeing that the Board enter an order accordingly. He also joined in the petition which sets up the above facts, agreeing and conceding that the first stipulation was made under a mutual mistake and misunderstanding carried into the Board's order of January 19, 1927, and praying that it be corrected so that proper refund could be made.

Counsel for the Commissioner here stands to the petition if it can be lawfully granted, but as in duty bound contends that the Board after four years cannot vacate its order, especially since Revenue Act of 1926, § 1005 (26 USCA § 1228), expressly declares: "The decision of the board shall become final— (1) Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time. * * *" We appreciate the necessity of prompt decisions touching taxes, and that they shall stand firm. The reviews mentioned in section 1005 no doubt measure the taxpayer's right to litigate, and the Board's decision is final on exhaustion or neglect of them as against further appeals. But it does not fol-

low that the decision may not be further dealt with by the Board itself in its discretion or that no extraordinary relief against it can ever be had. Decisions of the Secretary of the Interior in matters affecting the public lands were by statute declared to be final, but that meant only as to further appeals, and did not exclude the courts from inquiring in extraordinary cases whether the law had been violated thereby. Johnson v. Towsley, 13 Wall. 72, 83, 20 L. Ed. 485. The Secretary himself can sometimes revise his own decision, as when obtained by fraud, though the statute declare it final and conclusive. Lane, Secretary v. United States ex rel. Mickadiet, 241 U. S. 201, 36 S. Ct. 599, 60 L. Ed. 956. So the Secretary of Labor's decisions on deportation proceedings are by statute final, but on extraordinary occasions they are inquired into on habeas corpus. Lindsey, U. S. Immigration Inspector v. Dobra (C. C. A.) 62 F.(2d) 116.

We shall not attempt to formulate any rule as to the control the Board of Tax Appeals has over its own judgments. Analogies have been suggested, ranging from the bill of review in a court of equity to the helplessness of a special tribunal whose powers perish with the publication of its award. We rest here upon two extraordinary circumstances. The first is that the order to be vacated is not really a judgment of the Board representing its ascertainment of facts and application of the law to them, but is the agreement of the parties put into the form of a judgment, the order so reciting. The Board itself has on the face of its record never ascertained what, if any, taxes the taxpayer owed. The second circumstance is that both parties to the agreement are saying that the stipulation behind the order rests on a false and mistaken basis, and, if the order stands, it operates as a fraud arising out of the confidence that the inexperience of one party put in the knowledge and experience of the other. However unintended the advantage taken of the taxpayer, the Commissioner does not wish to retain it. We think no principle of justice would require that the Board's sanction of the stipulation should bind it to perpetuate the injustice. "We see no reason, either in law or public policy, why any proceeding, however final or conclusive, where the rights of no third party have intervened, may not be opened by the court where all the parties so agree, and the court be thus reinvested with jurisdiction to take further proceedings." Said of a tax assessment in Hewetson v. Chicago, 172 Ill. 112, 49 N. E. 992, 993. The Land Office ordinarily exhausts its powers when a patent is issued, but, where by a mistake the patent issued is issued to the wrong person, on its surrender a patent can be issued to the right one. Bell v. Hearne, 19 How. 252, 15 L. Ed. 614. Whether the Board be treated as a court or a departmental agency with quasi judicial functions, we are of opinion that it may in its discretion vacate such an order as this is, reinstating the matter for hearing before it on its merits or accepting a new stipulation touching the liability. In such cases it may, of course, consider whether there be laches, or collusion, or other thing that would render it inadvisable to vacate its order. We rule only that a redetermination based on a stipulation may be vacated at the instance of the parties to the stipulation for good cause shown. The petition for review is granted, and further proceedings directed not inconsistent with this opinion.