**REO MOTORS, Inc., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 11300.**

United States Court of Appeals, Sixth Circuit.

Feb. 23, 1955.

Lee I. Park, K. Martin Worthy, Arthur Peter, Hamel, Park & Saunders, Washington, D. C., for petitioner.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Melva M. Graney, Special Assts. Atty. Gen., for respondent.

Before ALLEN, MILLER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

In the Tax Court petitioner sought a redetermination of a claimed deficiency in its excess profits tax for 1942. The sole question in issue was whether a capital loss sustained in 1941 could be carried over to 1942 and deducted from gross income for that year as an ordinary operating loss. It was stipulated by the parties in the Tax Court that the Commissioner's computation of petitioner's excess profits net income and excess profits credit, based on invested

capital, were correct when computed without the claimed net operating loss deduction or net operating loss deduction adjustment.

The Tax Court decided against the petitioner and entered its decision determining a deficiency in the petitioner's excess profits tax for 1942 in the amount originally determined by the Commissioner. The Tax Court's decision was affirmed by this court, 170 F.2d 1001, and by the Supreme Court. 338 U.S. 442, 70 S.Ct. 283, 94 L.Ed. 245. The mandate of the Supreme Court issued on February 14, 1950, and the Tax Court's decision accordingly became "final" thirty days thereafter. Section 1140(b) (3) Internal Revenue Code for 1939, 26 U.S. C.A. § 1140(b) (3).

Thereafter, on May 12, 1950, petitioner filed in the Tax Court its "Motion for Leave to File Motion to Withdraw and Reform Stipulation, for Further Hearing and Reconsideration, and to Revise Decision" and an accompanying "Motion to Withdraw and Reform Stipulation, for Further Hearing and Reconsideration, and to Revise Decision." In the substantive motion the petitioner alleged that, because of a mutual mistake of fact, an error had been made in the stipulation of its excess profits credit resulting from the omission from its invested capital of more than two million dollars paid in for stock; that if the correct excess profits credit had been used there would have been no deficiency in petitioner's excess profits tax for 1942; that the Commissioner had admitted this error in connection with another proceeding involving petitioner's excess profits tax liability for 1943; that in 1949 the petitioner had sought relief from its excess profits tax for the year 1942 under § 722 of the

Internal Revenue Code of 1939, 26 U.S. C.A. § 722, in response to which the Commissioner had contended that no § 722 relief could be given because the allowance of the petitioner's proper credits would result in no excess profits tax liability for the year 1942, making inapplicable the relief provisions of § 722.[1]

In view of the circumstances, the motion stated, "The revision of the decision of this Court in this cause appears to be the only way to correct an obvious mutual mistake and to avoid a gross injustice to petitioner. For these reasons the petitioner urgently prays this Court to permit petitioner to withdraw and reform its stipulation, to withdraw its agreement to, and file a substitute recomputation of, excess profits tax liability under Rule 50 [26 U.S.C.A. § 1111] and further prays the Court to reconsider the case, to grant further hearing if necessary and to revise its decision to the end that the tax may be correctly determined and a gross injustice avoided."

The motion for leave to file was summarily denied by the Tax Court, and the petitioner has sought review here of the order of denial. The Tax Court gave no reason for its denial, but it is assumed by both parties on this review that the ground for the denial of leave to file was the supposed lack of jurisdiction of the Tax Court to entertain the substantive motion, and we make the same assumption. The petitioner contends that, although the Tax Court's decision had become final before leave to file the motion for reconsideration was sought, the Tax Court should have granted leave to file the motion as one in the nature of a writ of error *coram nobis*. The petitioner points out that because of a lack of continuity of its

---

1. The letter to the petitioner setting forth the Commissioner's position contained the following language: "* * * the claim for recovery of the excess profits tax for the year 1942 is rejected on the grounds that no excess profits tax was due for the year without regard to the benefits of Section 722. Section 722 grants relief only if the tax computed according to the tax law without benefit of the section results in an excessive and discriminatory tax. The allowance of the taxpayer's proper credits under Section 714 was sufficient to result in no tax liability for the year 1942."

officers and accounting personnel through receivership and reorganization, the management was not aware that its books did not reflect its true historical invested capital, and that the use of the correct excess profits credits would have entirely eliminated petitioner's excess profits tax liability for 1942. The petitioner points out that the Commissioner not only concedes this factual error, but is seeking to take advantage of it to. the detriment of the petitioner in resisting petitioner's claim under § 722.

The petitioner argues that the mistake of fact here involved is of a kind traditionally within the reach of a writ of error *coram nobis,* because it is not only material to the regularity of the decision of the Tax Court, but constitutes a clear and undeniable error, resulting in the incorrect computation of an excess profits tax liability for 1942 in the amount of more than a quarter of a million dollars, instead of no excess profits tax liability at all for such year.

■ We are of the opinion that the Tax Court should have granted petitioner leave to file its substantive motion. Although the Tax Court is not, technically, a federal court, there has been a consistent and growing recognition that, as a practical matter, it is a court exercising inherently judicial functions and having the necessary judicial powers to carry out such functions. See e. g. Goldsmith v. United States Board of Tax Appeals, 1926, 270 U.S. 117, 46 S.Ct. 215, 70 L.Ed. 494; Stern v. Commissioner, 3 Cir., 1954, 215 F.2d 701, 706. It would appear to follow that the Tax Court has power in extraordinary circumstances to vacate and correct its decision even after it has become final, similar to the jurisdiction of a court to grant a writ of error *coram nobis.* Cf. United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L. Ed. 248; United States v. Mayer, 1914, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

This jurisdiction was recognized by the Court of Appeals for the Fifth Circuit in La Floridienne J. Buttgenbach & Co. v. Commissioner of Internal Revenue, 1933, 63 F.2d 630; and, very recently, by the Tax Court itself in Lasky v. Commissioner, 22 T.C. 13.

■ In concluding that the Tax Court has power in its discretion, in extraordinary circumstances, to correct a decision after it has become final, we express no view as to whether the circumstances in this case were so extraordinary as to invite the exercise of that discretion. We hold only that the petitioner should have been granted leave to file its motion, and that the substantive motion should have been entertained and considered on its merits. It may well be that by reason of the petitioner's delay or for other reasons not appearing in the record the Tax Court will decide the matter against the petitioner on the merits.

For the reasons stated the Tax Court's order denying petitioner's motion for leave to file its substantive motion is reversed, with instructions to grant said motion for leave to file and to entertain and consider petitioner's substantive motion on its merits.