**Julian LENTIN, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 11713.**

United States Court of Appeals Seventh Circuit.

Oct. 10, 1956.

Henry H. Koven, Howard R. Koven, Charles N. Salzman, and Paul Homer, Chicago, Ill., for petitioner.

**6**

Charles K. Rice, Asst. Atty. Gen., Meyer Rothwacks, Attorney, Tax Division, U. S. Dept. of Justice, Washington, D. C., Lee A. Jackson, I. Henry Kutz, Helen A. Buckley, Attorneys, Department of Justice, Washington, D. C., for respondent.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

In Lentin v. Commissioner, 7 Cir., 226 F.2d 695, on October 14, 1955, we affirmed the decision of the Tax Court upholding the Commissioner's determination of a deficiency in income tax against the taxpayer. On January 9, 1956, the Supreme Court denied a petition for a writ of certiorari. Nine days later the mandate from this court was filed with the Tax Court. On January 23rd following, the taxpayer filed in the Tax Court his motion for leave to file a motion to withdraw and reform the stipulation between the parties submitted on the original hearing, and for further hearing, and reconsideration and revision of the original decision. This motion was granted. On the same day the taxpayer, by virtue of the leave granted, filed his substantive motion to withdraw and reform the stipulation, for further hearing and for reconsideration and revision of the decision, and this action the Tax Court dismissed. Thereupon the taxpayer filed this petition for review.

Whether under such circumstances the Tax Court has the power to entertain a motion for reconsideration or revision is, in view of the decisions of the various circuits, a disputed question. Sweet v. Commissioner, 1 Cir., 120 F.2d 77; Monjar v. Commissioner, 2 Cir., 140 F.2d 263; White's Will v. Commissioner, 3 Cir., 142 F.2d 746; Lasky v. Commissioner, 9 Cir., 235 F.2d 97, take the position that, after its decision becomes final, the Tax Court is without jurisdiction to entertain such a motion. To the contrary are Reo Motors v. Commissioner, 6 Cir., 219 F.2d 610; LaFloridienne J. Buttgenbach & Co. v. Commissioner, 5 Cir., 63 F.2d 630. See also Stern v. Commissioner, 3 Cir., 215 F.2d 701. In view of our conclusions however, we find it unnecessary to try to find the proper solution of this debatable problem.

In one or more of the cases cited it is clear that the Tax Court did not decide whether it had jurisdiction and the cause was remanded for further explanation of its decision. Here, we think, there is no uncertainty as to the basis for the denial of the substantive motion for reconsideration. It seems clear to us that when the motion for leave to file the motion for reconsideration was allowed, the court, by its allowance of that motion, asserted jurisdiction; it thereby assumed jurisdiction over the subject matter. Its later denial of the motion for revision we think, therefore, cannot be considered in any manner as based on a lack of jurisdiction, but was truly an exercise of jurisdiction. Obviously, the Tax Court thought it had power to act and denied the motion on its merits.

Such a decision involved the sound discretion of the Tax Court; consequently, the only ground for review is an abuse of discretion. Skenandoa Rayon Corp. v. Commissioner, 2 Cir., 122 F.2d 268, certiorari denied 314 U.S. 696, 62 S.Ct. 413, 86 L.Ed. 556; Tonopah Mining Co. v. Commissioner, 3 Cir., 127 F.2d 239; Oviatt's v. Commissioner, 9 Cir., 128 F.2d 352; McCarthy v. Commissioner, 7 Cir., 139 F.2d 20, 22. But the record reflects no showing that the Tax Court committed any abuse of its discretion. Indeed, upon oral argument, counsel for the taxpayer conceded that if this court should hold that the Tax Court dismissed the petition upon the merits, there is nothing in the record justifying a claim on his part of such abuse. That he is correct in this concession is apparent from an examination of the nature of the motion, wherein petitioner claimed that the stipulation concerning a record in an O.P.A. case is ambiguous and was interpreted differently by the Tax Court and this court. Nothing is submitted to show that the Tax Court abused its discretion in dismissing the motion.

Accordingly, assuming, for the purposes of disposition of this petition for review, but not deciding, that the Tax Court had jurisdiction to entertain the motion for reconsideration, a question which we do not reach, it follows that that court, having taken jurisdiction by granting leave to file the motion for reconsideration and having later denied the relief prayed, has entered an order which can fail only for abuse of discretion, which has not been shown.

Accordingly, the petition for review is denied.