**Julian LENTIN, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 11944.**

United States Court of Appeals
Seventh Circuit.

May 1, 1957.

Paul Homer, Chicago, Ill., Henry H. Koven, Howard R. Koven, Charles N. Salzman, Chicago, Ill., for petitioner-appellant.

Charles K. Rice, Asst. Atty. Gen., Helen A. Buckley, I. Henry Kutz, Walter R. Gelles, Attorneys, Dept. of Justice, Washington, D. C., for respondent.

Before DUFFY, Chief Judge, and MAJOR and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is the third time this case has been before this court. The petitioner-taxpayer, Julian Lentin, first appealed to this court seeking to overthrow the decision of the Tax Court which held that he was not entitled to a deduction of $34,985.94 as an ordinary and necessary business expense which the taxpayer claimed in his income tax report for the year 1946. This court affirmed the decision of the Tax Court on the merits on October 14, 1955. 226 F.2d 695. The taxpayer's petition for certiorari on our decision was denied by the Supreme Court of the United States on January 9, 1956. 350 U.S. 934. No petition for a rehearing was filed in the Supreme Court. The judgment of the Tax Court then became final. 26 U.S.C.A. (I.R.C. 1954) § 7481(2) (B). The mandate of this court was filed in the Tax Court January 18, 1956.

Thereafter, on January 23, 1956, the taxpayer filed a motion in the Tax Court for leave to file a substantive motion to withdraw and reform a stipulation, for further hearing and reconsideration and to revise the decision. Motion for leave to file this substantive motion was granted by the Tax Court on January 23, 1956, and on the same day the taxpayer's substantive motion was denied without an opinion. From the Tax Court's order denying the substantive motion Lentin again appealed to this court.

In that case, in an opinion by Judge Lindley, 237 F.2d 5, we said that decisions of several of the circuits were in conflict on whether the Tax Court had the power to reopen a case after its decision in the case became final, but that by permitting the filing of the substantive motion in this case the Tax Court asserted its jurisdiction and thereby assumed jurisdiction over the subject matter, and that "obviously, the Tax Court thought it had power to act and denied the motion on its merits." 237 F.2d 5, at page 6. For the purpose of the second appeal we assumed, without deciding, that the Tax Court had jurisdiction to entertain the motion for reconsideration. We there said that the denial of the substantive motion to reconsider, if the Tax Court had jurisdiction, was a matter within the sound discretion of the Tax Court and we affirmed the Tax Court's decision because the taxpayer-appellant had failed to show that there had been an abuse of the court's discretion in denying the motion to reconsider.

The Internal Revenue Code of 1954, Section 7481, specifically provides that the decision of the Tax Court becomes final upon the denial of a petition for certiorari after the decision of the Tax Court has been affirmed or the petition for review dismissed by the United States Court of Appeals. The facts in the instant case meet this test of finality.

Our question in the instant case is whether the Tax Court after its decision has become final has the power to set aside or change its decision.

In the second opinion by this court in this matter, 237 F.2d 5, Judge Lindley, in showing the conflict in the decisions of the various circuits on the power of the Tax Court to entertain a motion for reconsideration or revision of its decision, cited several circuit court opinions including Lasky v. Commissioner of Internal Revenue, 9 Cir., 235 F.2d 97. In the Lasky case the taxpayers failed to file a timely petition for review of the

Tax Court's decision against them. The opinion of the Ninth Circuit in that case pointed out that 26 U.S.C.A. (I.R.C. 1939) § 1140 (now § 7481) made the decision of the Tax Court final if a petition for review was not filed within the statutory time allowed for filing. After the decision of the Tax Court had become final the petitioners in Lasky did file a motion in the Tax Court to vacate the decision on the ground of excusable neglect in the taxpayers' failure to file a petition for review within the statutory period. In the Lasky case the Court of Appeals strongly relied, we think properly, on R. Simpson & Co. v. Commissioner of Internal Revenue, 321 U.S. 225, 64 S.Ct. 496, 88 L.Ed. 688, as holding that after a decision of the Tax Court has become final even the Supreme Court lacks the power to give relief from the decision and that "obviously" if the Supreme Court does not have such power, the Tax Court has no such power.

The taxpayers in Lasky filed a petition for a writ of certiorari. In that petition they argued that although they did not file their petition for review until after the decision of the Tax Court had become final, it was still within the power of the Tax Court to vacate or modify its decision. The taxpayers relied strongly on Reo Motors, Inc., v. Commissioner of Internal Revenue, 6 Cir., 219 F.2d 610, one of the conflicting circuit court decisions which held that the Tax Court did have the power to reconsider and act on a motion to reconsider and modify its decision after the decision had become final. In the Lasky petition for certiorari the petitioners cited various circuit court opinions which were in conflict with the decision in Lasky and insisted that the question presented was an important question of federal law which should be settled by the Supreme Court of the United States. The Supreme Court granted certiorari and by its per curiam opinion on March 11, 1957, the question was settled. The Court affirmed the decision of the Ninth Circuit. Lasky v. Commissioner of Internal Revenue, 352 U.S. 1027, 77 S.Ct. 594, 1 L.Ed.2d 598.

Since the Tax Court was without jurisdiction to grant the taxpayer the relief he asked, the decision of the Tax Court denying such relief is affirmed.