ESTATE OF LOWELL W. ESSEX, DECEASED, JOANNE C. ESSEX, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Essex v. Commissioner
Docket No. 17807-89
United States Tax Court
T.C. Memo 1993-220; 1993 Tax Ct. Memo LEXIS 225; 65 T.C.M. (CCH) 2728; May 20, 1993, Filed *225 An appropriate order denying petitioners motion will be issued. For petitioner: James J. Schneider and James C. Hoppel (specially recognized). For respondent: Russell D. Pinkerton. DAWSON
DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Norman H. Wolfe pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE WOLFE, Special Trial Judge: This matter is before the Court on petitioner's Motion for Leave to File Motion to Reconsider and Revise Decision, filed pursuant to Rule 162, with proposed Motion to Reconsider and Revise Decision lodged with this Court. The underlying issue is whether the final decision of this Court should be vacated *226 on the ground that the decision resulted from a mutual mistake of fact. FINDINGS OF FACT The Estate of Lowell W. Essex, Joanne C. Essex, Executrix, (petitioner) has been represented in estate matters since the death of Lowell W. Essex (decedent) by James J. Schneider (Schneider) and James C. Hoppel (Hoppel). The examination of decedent's Form 706, United States Estate Tax Return, commenced in 1987 and was concluded in 1988. By notice of deficiency dated April 14, 1989, respondent determined that petitioner was liable for a deficiency in estate tax in the amount of $ 149,671. Petitioner timely filed a petition on July 17, 1989. Pursuant to the stipulation of the parties set forth below, this Court entered the following decision as to petitioner's estate tax liability: Pursuant to agreement of the parties in this case, it is ORDERED AND DECIDED: That there is a deficiency in estate tax due from the petitioner in the amount of $ 72,404.00. /s/ Arthur L. Nims, III Judge Entered: August 10, 1990 * * * It is stipulated that the Court may enter the foregoing decision. It is further stipulated that the petitioner may claim a credit for estate, inheritance, legacy, or succession *227 taxes in an amount up to $ 9,025.00, and may present to the Internal Revenue Service proof of such payment within the statutory period. It is further stipulated that effective upon the entry of the decision by the Court, petitioner waives the restriction contained in I.R.C. section 6213(a) prohibiting assessment and collection of the deficiency (plus statutory interest) until the decision of the Tax Court has become final.
The stipulation for decision was signed by Schneider on July 31, 1990, and by respondent's representative, District Counsel Ross E. Springer (Springer) on August 7, 1990. Lowell W. Essex died on October 5, 1985. Pursuant to his Last Will and Testament (Will), decedent bequeathed to his spouse, Joanne C. Essex, his residence, automobiles, and other tangible property. The residue of the estate was to be bequeathed to the Indiana National Bank of Indianapolis, Indiana (Indiana National Bank), as trustee under a trust agreement entered into on August 10, 1981. This trust agreement established the JoAnne C. Essex Trust (marital trust) and the Lowell W. Essex Family Trust (family trust). The marital trust was to be established for the benefit of Mrs. Essex, *228 if she survived decedent. The marital trust was to be funded with one-third of the value of decedent's adjusted gross estate. The family trust was to be funded with the remaining two-thirds of the adjusted gross estate. The family trust provided for a lifetime income interest for JoAnne C. Essex, limited to payments for support, health, maintenance, and education. The family trust also provided for payments to or for the benefit of JoAnne C. Essex from principal to provide for her support, maintenance, health, and education in accordance with the standard of living she enjoyed at the time of decedent's death. The remainder in the family trust was left to decedent's children, Joel W. Essex and Mary Jayne Eagleson. On July 25, 1989, decedent's son, Joel W. Essex, filed a petition to construe the will in the Probate Division, Superior Court, Marion County, Indiana. The IRS was not a party to the probate proceedings, and the probate litigation did not take place during the IRS examination of the estate tax return. Schneider and Hoppel did not represent petitioner in the probate litigation. An order approving a compromise agreement was entered by the probate court on June 7, 1990, *229 and was served on Schneider. Pursuant to the compromise agreement, JoAnne C. Essex was the sole distributee of the assets of the Lowell W. Essex estate. The compromise agreement provides, in part: In substitution and in lieu of the Decedent's Will bequests to Joel W. Essex and Mary Jayne Eagleson, JoAnne C. Essex shall (1) pay Joel W. Essex One Hundred Twenty-eight Thousand Seven Hundred Fifty Dollars ($ 128,750.00), and (2) pay Mary Jayne Eagleson One Hundred Twenty-eight Thousand Seven Hundred Fifty Dollars ($ 128,750.00)
In addition, under the compromise agreement, further substantial consideration was exchanged between the various parties to the probate litigation. In pertinent part, paragraph 2 of the compromise agreement provides: Contemporaneously Indy Amusements, Inc. and JoAnne C. Essex shall dismiss their suit against Video Ventures, Inc. and Joel W. Essex and Kathy L. Essex with prejudice, Cause No. 49D068911-CP1550. JoAnne C. Essex, as President of Indy Amusements, Inc. or in her individual capacity, or both, shall deliver to Joel W. Essex: (1) the Video Ventures, Inc. note to Indy Amusements, Inc. dated December 1, 1986 marked paid in full, (2) the *230 Life Insurance policy owned by Indy Amusements, Inc. insuring the life of Joel W. Essex (referred to in the Stock Purchase Agreement Dated December 1, 1986) with proper insurance company assignment, and (3) all outstanding stock of Video Ventures, Inc. with stock assignments or stock powers, and she shall sign any and all other papers necessary to transfer the documents and the Video Ventures, Inc. stock and its assets to Joel W. Essex free and clear of all outstanding obligations.
On April 19, 1990, Schneider and Hoppel met with representatives of respondent to discuss unresolved issues in the case. During this meeting, Schneider informed respondent's representatives that there was a dispute among decedent's heirs. On July 19, 1990, at 2:34 in the afternoon, District Counsel Springer transmitted a facsimile to Hoppel which detailed a settlement offer with respect to the estate tax issues in this matter. The offer specified that it was valid only until 10:00 A.M. on July 20, 1990. The offering document included a computation of the marital deduction based on one-third of the residual estate (gross estate less fixed deductions and interest deductions). Schneider and Hoppel *231 accepted this offer and it was the basis for the stipulated decision entered on August 10, 1990. More than one year after this Court entered the stipulated decision, petitioner filed a motion for leave to file a motion to reconsider and revise decision. OPINION Petitioner's motion for leave to file motion to reconsider and revise the decision is a prerequisite to the filing of the motion to reconsider and revise decision which has been lodged with the Court. In deciding whether to grant or deny the motion for leave, we may consider the merits of the underlying motion to reconsider and revise in order to determine whether further proceedings are appropriate. Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999 (1978). In the motion for leave to file motion to reconsider and revise decision and the motion to reconsider and revise decision, petitioner contends that a mutual mistake was made in the stipulated decision and that this Court's prior decision in this case was based upon such mistake. Petitioner contends that in considering the estate tax computation underlying this Court's stipulated decision, counsel for the parties failed to take *232 into account the State probate court's resolution of the controversy over the decedent's will. Petitioner argues that the allowable marital deduction should be greater because under the compromise agreement decedent's surviving spouse JoAnne C. Essex received all of the decedent's estate except for $ 257,500, the payment made to decedent's children. Petitioner asserts that the failure of the stipulated decision to take the compromise agreement into account was a mutual mistake and that this Court should reconsider and revise the decision to account for the compromise agreement. This Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly permitted by law. See, e.g., Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987). Sections 7481 and 7483 provide that a decision of this Court becomes final, in the absence of a timely filed notice of appeal, 90 days from the date the decision was entered. Generally, once a decision of this Court has become final, it cannot be attacked. Lasky v. Commissioner, 352 U.S. 1027 (1957); Kenner v. Commissioner, 387 F.2d 689 (7th Cir. 1968); *233 Lentin v. Commissioner, 243 F.2d 907 (7th Cir. 1957). Rule 162 requires that "Any motion to vacate or revise a decision, with or without a new or further trial, shall be filed within 30 days after the decision has been entered, unless the Court shall otherwise permit". However, "in keeping with the inherent power of all courts", this Court has jurisdiction to vacate a void decision. Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 112 (1978). Also, we have jurisdiction to set aside a decision which has become final where there is a fraud on the Court. Abatti v. Commissioner, 86 T.C. 1319 (1986), affd. 859 F.2d 115 (9th Cir. 1988); Kenner v. Commissioner, supra at 691. Petitioner has not alleged nor has there been proof of fraud or lack of jurisdiction. Citing Reo Motors, Inc. v. Commissioner, 219 F.2d 610 (6th Cir. 1955), and La Foridienne J. Buttgenbach & Co. v. Commissioner, 63 F.2d 630 (5th Cir. 1933), petitioner contends that this Court may reconsider *234 and revise a final decision in which there was a mutual mistake or misunderstanding. The Court of Appeals for the Seventh Circuit, the Circuit to which this case is appealable, has stated that the finality of a Tax Court decision, "precludes any subsequent reconsideration by the tax court, at least on such grounds as mistake, newly discovered evidence, and the like." Kenner v. Commissioner, supra at 690-691 (fn. ref. omitted); see also Lentin v. Commissioner, supra. Under these circumstances we will follow those decisions by the Court of Appeals for the Seventh Circuit. See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. on another issue 445 F.2d 985 (10th Cir. 1971). Accordingly, we hold that there is no basis for us to grant the relief requested by petitioner. We therefore do not reach the question whether the decision we entered was based on a stipulation resulting from mutual mistake instead of a compromise settlement of various issues. For reasons set forth above, petitioner's motion for leave to file motion to reconsider and revise decision *235 will be denied. An appropriate order denying petitioner's motion will be issued. Footnotes
1. All section references are to the Internal Revenue Code, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩