FRANCIS G. AND RUTH M. HEINLEIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Heinlein v. Commissioner
Docket No. 22124-92
United States Tax Court
T.C. Memo 1995-272; 1995 Tax Ct. Memo LEXIS 273; 69 T.C.M. (CCH) 2947; June 19, 1995, Filed *273 An order will be issued denying petitioners' motion for leave to file motion to vacate decision. For petitioners: John Leeper. For respondent: Joni D. Larson. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to section 7443A(b)(3). [1] The Court has before it petitioners' motion, under Rule 162, for leave to file a motion to vacate a stipulated decision entered in this case. In the notice of deficiency, respondent determined a deficiency of $ 3,227 in Federal income tax for petitioners' 1989 tax year. At the time the case was called for trial, the parties filed with the Court a stipulated decision for the full amount of the deficiency in tax. The decision was entered by the Court on May 24, 1993. At the time the petition was filed, petitioners were residents of El *274 Paso, Texas. Following entry of the Court's decision, neither party filed a motion for reconsideration under Rule 161, nor did either party file a notice of appeal. Pursuant to section 7481(a)(1), the decision of the Court became final on August 22, 1993, 90 days after date the decision had been entered. Petitioners' motion for leave to file a motion to vacate the decision was filed on March 10, 1995, in excess of 1 year and 6 months after the decision had become final. Respondent has filed a notice of objection to petitioners' motion for leave to file motion to vacate. The sole issue in the case was whether petitioner Francis G. Heinlein was liable for self-employment taxes under section 1401(a) for certain termination payments petitioner received from State Farm Insurance following his retirement as an agent of State Farm Insurance in 1986. In a case before this Court that involved another retired State Farm Insurance agent, who received similar termination payments, this Court held that the termination payments constituted net earnings from self-employment under section 1402(a) and, therefore, were subject to the tax on self-employment income under section 1401(a). Milligan v. Commissioner, T.C. Memo. 1992-655. *275 The decision in that case was entered on November 12, 1992. It was appealed and was reversed on October 25, 1994. Milligan v. Commissioner, 38 F.3d 1094 (9th Cir. 1994). Because of that reversal, petitioners in this case contend that the stipulated decision in their case was based on a "mutual mistake of law", and, therefore, their motion for leave to file a motion to vacate decision should be granted. Petitioners assert that they agreed to the stipulated decision, conceding the deficiency, based upon this Court's decision in Milligan v. Commissioner, T.C. Memo. 1992-655, and, since the decision in the Milligan case was reversed, the decision in petitioners' case should, likewise, be vacated and, ultimately, reversed as well. The date of a decision of this Court is the date an order specifying the amount of the deficiency is "entered" in the records of the Tax Court, which, in this case, was May 24, 1993. A decision of this Court becomes final upon expiration of the time to file a notice of appeal if no notice of appeal is filed. Sec. 7481(a)(1). Generally, a notice of appeal must be filed within 90 days after *276 the decision is entered by this Court. Sec. 7483; Fed. R. App. P. 13(a). A motion to vacate or revise a decision must be filed within 30 days after the decision is entered unless the Tax Court "shall otherwise permit". Rule 162. A motion to vacate a decision, filed more than 30 days after entry of the decision, may be filed only by leave of the Court, usually by the granting of a motion for leave to file the untimely motion to vacate. The granting of such a motion for leave to file a motion to vacate, or the granting of a timely motion to vacate, lies within the sound discretion of this Court. Heim v. Commissioner, 872 F.2d 245, 246 (8th Cir. 1989), affg. an order of this Court; Lentin v. Commissioner, 237 F.2d 5, 6 (7th Cir. 1956). If a motion to vacate has been timely filed, the 90-day period for filing an appeal does not commence until after the motion is adjudicated. Fed. R. App. P. 13(a). Once a decision becomes final, this Court may vacate it only in narrowly circumscribed situations. Helvering v. Northern Coal Co., 293 U.S. 191 (1934). The Court may vacate a final decision *277 if that decision is shown to be void, or a legal nullity, for lack of jurisdiction over the subject matter or a party. Billingsley v. Commissioner, 868 F.2d 1081 (9th Cir. 1989); Abeles v. Commissioner, 90 T.C. 103, 105-106 (1988); Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111-112 (1978). The Court may vacate a final decision if there has been a fraud on the Court. Abatti v. Commissioner, 859 F.2d 115 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); Senate Realty Corp. v. Commissioner, 511 F.2d 929, 931 (2d Cir. 1975); Stickler v. Commissioner, 464 F.2d 368, 370 (3d Cir. 1972). In a case relied on by petitioners, the United States Court of Appeals for the Sixth Circuit has indicated that the Tax Court also has the power in its discretion, in extraordinary circumstances, to vacate and correct a final decision where it is based upon a mutual mistake of fact. See Reo Motors, Inc. v. Commissioner, 219 F.2d 610 (6th Cir. 1955). However, *278 in Harbold v. Commissioner, 51 F.3d 618, 619 (6th Cir. 1995), the Sixth Circuit held that the case of Reo Motors, Inc. v. Commissioner, supra, is no longer binding in that circuit because that case is considered to have been overruled by the Supreme Court in its per curiam affirmance of Lasky v. Commissioner, 352 U.S. 1027 (1957). The decision in this case was entered pursuant to a stipulated settlement. There was no trial; no evidence was adduced; no stipulations were filed in the record, nor does the stipulated decision recite any factual or legal bases upon which the deficiency was agreed to. The compromise and settlement of tax cases is governed by general principles of contract law. Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969) supplemented by 53 T.C. 275 (1969); Brink v. Commissioner, 39 T.C. 602, 606 (1962), affd. 328 F.2d 622 (6th Cir. 1964). Where a decision is entered pursuant to a stipulated settlement, the parties normally are held to their *279 agreement without regard to whether the decision is correct on the merits. Stamm Intl. Corp. v. Commissioner, 90 T.C. 315, 321-322 (1988); Spector v. Commissioner, 42 T.C. 110 (1964). In their motion for leave to file motion to vacate, petitioners do not claim there was fraud upon the Court in the entry of the stipulated decision in this case, or that the Court lacked jurisdiction to enter it, nor do petitioners claim a mutual mistake of fact. Petitioners contend there was a mutual mistake of "law" because of the reversal by the United States Court of Appeals for the Ninth Circuit of this Court's decision in Milligan v. Commissioner, supra.
Petitioners' contention is wide of the mark; the reversal in the Milligan case does not entitle petitioners to relief, even if the view of the Court of Appeals for the Ninth Circuit should gain general acceptance. The long and the short of the matter before us is that the stipulated decision is binding on the parties without regard to whether it is correct on the merits. Stamm International Corp. v. Commissioner, supra; Deel v. Commissioner, T.C. Memo. 1990-545. *280 Petitioners have not shown a proper reason to vacate the decision to which they previously agreed. Accordingly, An order will be issued denying petitioners' motion for leave to file motion to vacate decision. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax court Rules of Practice and Procedure.↩