T.C. Memo. 1995-591

UNITED STATES TAX COURT

SPENCER M. STILLMAN AND SUZANNE J. STILLMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 39448-85.                    Filed December 13, 1995.

<u>Steve Mather</u> and <u>Elliott H. Kajan</u>, for petitioner Suzanne J.
Stillman.

<u>William E. Crockett</u>, for petitioner Spencer M. Stillman.

<u>Jack Klinghoffer</u>, for respondent.[1]

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial Judge Larry L.
Nameroff pursuant to section 7443A(b)[2] and Rule 180-182.  The Court agrees
with and adopts the opinion of the Special Trial Judge, which is set forth
below.

OPINION OF THE SPECIAL TRIAL JUDGE

NAMEROFF, <u>Special Trial Judge</u>:  This case is before us on

_____

[1]     Frederic J. Adam was specially recognized as attorney for the law
firm of Hochman, Salkin & DeRoy in connection with the subpoenaed testimony of
one of its employees.

[2]     All section references are to the Internal Revenue Code in effect
for the year at issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

the motion of petitioner Suzanne J. Stillman (hereinafter petitioner when used in the singular) for leave to file a motion to vacate decision out of time (the Motion for Leave). This case was one of many cases involving the tax shelter project, referred to as the MAR oil cases, in which the taxpayers invested in oil and gas partnerships. See Osterhout v. Commissioner, T.C. Memo. 1993-251.

On September 10, 1985, respondent issued a notice of deficiency which determined a deficiency in petitioners' 1981 Federal income tax, plus additions to tax in connection with petitioners' investment in certain MAR oil partnerships. The petition herein was timely filed on behalf of petitioners by their then attorneys Bruce I. Hochman and Martin N. Gelfand of the law firm of Hochman, Salkin and DeRoy (the Hochman firm). A Decision in this case was entered by this Court "pursuant to an agreement of the parties" on April 13, 1990, providing for a deficiency in income tax in the amount of $84,309 and no additions to tax. In addition to the signatures of the parties' attorneys, the stipulated decision document bore the signatures of both petitioners herein. Petitioner now seeks leave to vacate that decision in order to raise the defense of "innocent spouse". Summary of Facts

By memorandum dated August 31, 1989, (the MAR Memorandum) Mr. Gelfand communicated the terms and a detailed legal analysis of a settlement offer concerning the MAR Oil cases to the MAR Oil investors, and solicited their acceptance or rejection of the offer on an enclosed Statement of Settlement. In part, the MAR Memorandum advised MAR Oil investors of the availability of the innocent spouse defense. By signing the Statement of Settlement, taxpayers represented that they received the MAR memorandum.

The Hochman firm mailed the MAR Memorandum and Statement of Settlement, intended for both petitioner and Mr. Stillman, to 175 Sonoma Lane, Carmel Highlands, California, which was Mr. Stillman's address (but an address at which petitioner never resided). Mr. Stillman did not forward a copy of the MAR Memorandum to petitioner. Mr. Stillman received and reviewed the MAR

Memorandum, checked the box indicating acceptance of the settlement offer, printed his and petitioner's names, signed <u>his</u> name, wrote in <u>his</u> up-dated address, and mailed the Statement of Settlement back to the Hochman firm on September 29, 1989.

Based on the Statement of Settlement received from Mr. Stillman and in accordance with procedures established for this litigation project, respondent was requested by the Hochman firm to send appropriate settlement documents directly to Mr. Stillman, along with an enclosed return envelope to mail the signed documents back to the Hochman firm. The documents (a Decision and a Closing Agreement) were so transmitted and were signed and dated by Mr. Stillman on November 27, 1989, forwarded to petitioner, signed and dated by petitioner on December 18, 1989, mailed by petitioner, and received by the Hochman firm on December 21, 1989. As noted earlier, it was not until April 13, 1990, that the Decision was submitted to and entered by the Court.

Petitioner understood that, as a result of signing the Decision, she had an obligation to pay a deficiency in Federal income tax for 1981. Since petitioner did not like owing a tax liability, she was anxious to make the payment. Accordingly, petitioner had her accountant, Joseph Slattery, compute her share of the final amount of tax, which she paid prior to receiving a bill from the IRS. Petitioner looked to Mr. Slattery for computations, but she did not believe that he represented her interests in the Tax Court case.

On June 10, 1986, a judgment dissolving the marriage between petitioner and Mr. Stillman was entered, subject to the resolution of "reserved issues", including disposition of substantial property interests. On February 4, 1988, petitioner signed her acceptance to a proposal made by her divorce attorney to Mr. Stillman's divorce attorney, which included the following language:

It is agreed that, except in the case of fraud, misrepresentation, or other action of which Suzanne had no knowledge or control, the following obligations are to be considered community obligations:

* * * * * * *

(B) Any obligation for unpaid taxes, penalties, and interest, for years in which joint returns were filed, except to the extent that Suzanne would be entitled to relief under the "innocent spouse" rule.

(C) Any obligation to the IRS or to certain holders of notes with respect to the oil and gas shelters as listed in the income tax returns.

On October 22, 1990, a Further Judgment on Reserved Issues (the Further Judgment) was entered by the court in the divorce case. The Further Judgment contained a provision which relieved either party of liability for unpaid income taxes; i.e., "to the extent either party is relieved, in whole or in part, of any liability in connection therewith pursuant to section 6013 of the Internal Revenue Code or any successor statute (and/or any similar provision of California law)." Petitioner was generally aware of the terms and negotiations which led to the Further Judgment, but she did not pay close attention to any provisions related to taxes because she did not understand them. Petitioner looked to the Hochman firm for guidance as to the tax case and did not discuss or rely on her divorce attorney with respect to any issues relating to that case. Instead, she believed she had retained separate specialists (tax and divorce) for separate actions (Tax Court case and divorce case).

In a notice of deficiency dated October 14, 1992, respondent determined deficiencies in petitioners' 1982 and 1983 Federal income taxes with respect to the same MAR Oil partnerships at issue in 1981. Steve Mather and Elliott H. Kajan timely filed a petition in response to the notice of deficiency. It became Docket No. 28098-92. A decision was entered in that case on April 14, 1994, in which petitioner was relieved of any liability for the deficiencies relating to the MAR Oil partnership based upon her qualification as an innocent spouse.

Subsequent to the entry of the Decision in Docket No. 28098-92, petitioner learned of the MAR Memorandum.  Thereafter, petitioner filed her Motion for Leave and lodged her Motion to Vacate Decision in this case.

Discussion

The date of a decision of this Court is the date an order specifying the amount of the deficiency is "entered" in the records of the Tax Court, which, in this case, was April 13, 1990.  Sec. 7459(c).  A decision of this Court becomes final upon expiration of the time to file a notice of appeal if no notice of appeal is filed.  Sec. 7481(a)(1).  Generally, a notice of appeal must be filed within 90 days after the decision is entered by this Court.  Sec. 7483; Fed. R. App. P. 13(a).  A motion to vacate or revise a decision must be filed within 30 days after the decision is entered unless the Court "shall otherwise permit".  Rule 162.  A motion to vacate a decision, filed more than 30 days after entry of the decision, may be filed only by leave of the Court, usually by the granting of a motion for leave to file an untimely motion to vacate.  The granting of such a motion for leave to file a motion to vacate, or the granting of a timely motion to vacate, lies within the sound discretion of this Court.  Heim v. Commissioner, 872 F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1; Lentin v. Commissioner, 237 F.2d 5, 6 (7th Cir. 1956).  If a motion to vacate has been timely filed, the 90-day period for filing an appeal is terminated, and the full time commences to run after the motion is adjudicated.  Fed. R. App. P. 13(a).

Once a decision becomes final, this Court may vacate it only in narrowly circumscribed situations.  Helvering v. Northern Coal Co., 293 U.S. 191, 193 (1934).  The Court may vacate a final decision if it is shown to be void, or a legal nullity, for lack of jurisdiction over the subject matter or a party.  Billingsley v. Commissioner, 868 F.2d 1081 (9th Cir. 1989); Abeles v. Commissioner, 90 T.C. 103, 105-106 (1988); Brannon's of Shawnee, Inc. v.

<u>Commissioner</u>, 71 T.C. 108, 111-112 (1978). The Court may vacate a final decision if there has been a fraud on the Court. <u>Abatti v. Commissioner</u>, 859 F.2d 115 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); <u>Senate Realty Corp. v. Commissioner</u>, 511 F.2d 929, 931 (2d Cir. 1975); <u>Stickler v. Commissioner</u>, 464 F.2d 368, 370 (3d Cir. 1972); <u>Toscano v. Commissioner</u>, 441 F.2d 930 (9th Cir. 1971), vacating and remanding 52 T.C. 295 (1969).

The decision in this case was entered pursuant to a stipulated settlement. There was no trial; no evidence was adduced; no stipulations were filed in the record; and the stipulated decision does not recite any factual or legal bases upon which the deficiency was settled. The compromise and settlement of tax cases is governed by general principles of contract law. <u>Robbins Tire & Rubber Co., v. Commissioner</u>, 52 T.C. 420, 435-436, supplemented by 53 T.C. 275 (1969); <u>Brink v. Commissioner</u>, 39 T.C. 602, 606 (1962), affd. 328 F.2d 622 (6th Cir. 1964). Where a decision is entered pursuant to a stipulated settlement, the parties are usually held to their agreement without regard to whether the decision is correct on the merits. <u>Stamm International Corp. v. Commissioner</u>, 90 T.C. 315, 321-322 (1988); <u>Spector v. Commissioner</u>, 42 T.C. 110 (1964).

It is within this framework that petitioner asks for leave to file the Motion to Vacate. Petitioner contends that by failing to advise her of the innocent spouse "opportunity", Mr. Stillman and the Hochman firm committed a fraud on this Court sufficient to justify granting the two motions. Petitioner asserts that Mr. Stillman purportedly perpetrated this fraud by failing to send the MAR Memorandum to her, while the Hochman firm ignored the fact that the Statement of Settlement was not signed by petitioner and proceeded to carry out the settlement process. Initially, respondent filed no objection to granting of the Motion for Leave, but Mr. Stillman filed an objection. Petitioner objected and contended that Mr. Stillman had no

standing to contest these proceedings. The Court set the motion for a hearing in which Mr. Stillman was permitted to participate. Although Mr. Stillman's evidence was accepted for what it was worth, this Court generally gives little weight to a taxpayer's opposition to the spouse's entitlement to innocent spouse relief. See Garvey v. Commissioner, T.C. Memo. 1993-354; Estate of Ravetti v. Commissioner, T.C. Memo. 1989-45. Respondent, on brief, argued against granting the Motion for Leave.

We defined "fraud on the court" in Abatti v. Commissioner, 86 T.C. 1319, 1325 (1986), affd. 859 F.2d 115 (9th Cir.1988), as follows:

"Fraud on the court is "only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjud[g]ing cases that are presented for adjudication. Fraud, inter partes, without more, should not be a fraud upon the court * * *" Toscano v. Commissioner, 441 F.2d at 933, quoting 7 J. Moore, Federal Practice, par. 60.33 (2d ed. 1970). To prove such fraud, the petitioners must show that an intentional plan of deception designed to improperly influence the Court in its decision has had such an effect on the Court. * * * [Citations omitted.]"

The burden is on the moving party to show such fraud by clear and convincing evidence. Kraasch v. Commissioner, 70 T.C. 623, 626 (1978); Spielberger v. Commissioner, T.C. Memo. 1989-444. Gross neglect on the part of taxpayer's counsel does not constitute fraud on the Court. Kenner v. Commissioner, 387 F.2d 689 (7th Cir. 1968).

In our opinion petitioner has failed to establish that a fraud was perpetrated on this Court. While it is true that petitioner did not receive a copy of the MAR Memorandum, it does not follow that receipt by her of that document would have made any difference. During that time frame, petitioner was mainly concerned with the welfare of her son and paid little attention to the various materials sent to her by her lawyers. Thus, we conclude that she either knew or should have known about the innocent spouse defense because of the ongoing negotiations between 1986 and 1990 related to her divorce and the

division of property.  Finally, even if Mr. Stillman's actions constituted some sort of fraud, we do not think it was a fraud on the Court, but only as to petitioner, for which some other remedy may be available in another forum.

As to the actions of the Hochman law firm in proceeding with the settlement process without petitioner's signature on the Statement of Settlement, we do not find that any fraud on the Court has been committed, particularly in view of petitioner's signature on the stipulated decision document.  We are not called upon, and do not make, any finding as to whether there was any neglect on the part of the Hochman firm.

Petitioner relies on Toscano v. Commissioner, 441 F.2d 930 (9th Cir. 1971), to support her claim of fraud on the Court.  However, the facts in Toscano are distinguishable from the instant case.  Mr. Toscano was not married when he filed what purported to be a joint return.  The Court of Appeals held that, if Ms. Zelasko could prove that Mr. Toscano either forged her signature as his spouse or coerced her to sign the joint return against her will, then Mr. Toscano perpetrated three frauds.  First, he defrauded the Commissioner by filing a fraudulent joint income tax return claiming he owed less tax than allowed by the law.  Second, he defrauded Ms. Zelasko by purporting to make her liable for his taxes.  Third, he carried this fraud to the Tax Court when he petitioned the Court for a redetermination of the deficiency.  The fraud upon this Court culminated when the Court held Ms. Zelasko liable for the tax deficiency.

Unlike Toscano v. Commissioner, supra, petitioners in this case filed a joint return and were subject to joint and several liability for any deficiencies with respect to their joint return.  Sec. 6013(d)(3).  Petitioner was aware of the income tax case for which she could be held liable.  She authorized and relied upon the Hochman law firm to handle her 1981 tax matters.  She signed the stipulated decision entered by the Court.  These

facts clearly distinguish the <u>Toscano</u> case from the instant case.
Alternatively, petitioner urges this Court to grant the Motion for Leave based
upon the independent authority of Rule 60(b) of the Federal Rules of Civil
Procedure, which provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a
> party or a party's legal representative from a final judgment,
> order, or proceeding for the following reasons: (1) mistake,
> inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence which by due diligence could not have been discovered in
> time to move for a new trial under Rule 59(b); (3) fraud (whether
> heretofore denominated intrinsic or extrinsic), misrepresentation,
> or other misconduct of an adverse party; (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a
> prior judgment upon which it is based has been reversed or
> otherwise vacated, or it is no longer equitable that the judgment
> should have prospective application; or (6) any other reason
> justifying relief from the operation of the judgment.  The motion
> shall be made within a reasonable time, and for reasons (1), (2),
> and (3) not more than one year after the judgment, order, or
> proceeding was entered or taken. * * *

Petitioner's reliance on Rule 60(b) of the Federal Rules of Civil
Procedure is without merit.  The Tax Court Rules of Practice and Procedure are
applicable here, along with the case law previously discussed.  However, even
if Rule 60(b) were suitably adaptable to govern this situation, we note that
by its terms any such motion for fraud, misrepresentation, or other misconduct
of an adverse party must be made not more than one year after judgment
(decision) was entered.  Petitioner failed to timely make any such motion.
Moreover, notwithstanding the cases cited by petitioner in her brief, we are
not persuaded that the record reflects the compelling equitable considerations
inherent in the phrase "any other reason justifying relief" contained in Rule
60(b)(6) of the Federal Rules of Civil Procedure.

Accordingly,

<u>An order will be issued</u>

<u>denying petitioner's Motion for</u>

<u>Leave to File Motion to Vacate</u>

<u>Decision Out of Time</u>.