108 F.3d 1370
 79 A.F.T.R.2d 97-2006, 97-1 USTC P 50,343
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
William M. MULDERIG and Joan G. Mulderig, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-4084.
 United States Court of Appeals, Second Circuit.
 March 26, 1997.
 
 Petition for review from the United States Tax Court (David Laro, Judge).
 APPEARING FOR APPELLANTS: William M. Mulderig, pro se, Suffern, N.Y.
 APPEARING FOR APPELLEE: Bruce R. Ellisen, U.S. Dept. of Justice, Washington, D.C.
 PRESENT: NEWMAN, Chief Judge. MINER and GODBOLD,* Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States Tax Court and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the Tax Court is hereby AFFIRMED.
 
 
 3
 William M. Mulderig and Joan G. Mulderig appeal from the March 27, 1996, order of the Tax Court directing the Clerk of the Tax Court to return without filing appellants' document entitled "Motion to Clarify Decision" (the "Motion to Clarify"). Appellants contend that because a ruling on the Motion to Clarify would not disturb the prior order of this Court affirming the judgment of the Tax Court, it was error for the Tax Court to refuse to entertain the Motion to Clarify.
 
 
 4
 On May 31, 1994, a decision was entered pursuant to Judge Laro's March 28, 1994, memorandum opinion essentially disposing of all issues raised by appellants' petition for redetermination of a tax deficiency for the year 1982. On November 9, 1995, this Court affirmed the decision by summary order and issued the mandate on January 3, 1996.
 
 
 5
 On March 25, 1996 appellants attempted to file their "clarification" motion, seeking to have the Tax Court declare that in reaching the May 31, 1994, decision the Tax Court had not considered appellants' carry-back losses for the years 1983 to 1987. Apparently, appellants seek the clarification because the IRS had denied their request to use the carry-back losses to offset all or part of the 1982 deficiency. The IRS denied the offset on the ground that the 1982 tax year and all issues relating thereto should have been resolved in the trial in the Tax Court. Fed. R. Civ. P. 60(b) provides an avenue for a court to relieve a party from a final judgment if there is "any ... reason justifying relief from the operation of the judgment." It is not an avenue for a party to end-run around the procedural and jurisdictional prerequisites for bringing a refund suit, see United States v. Forma, 42 F.3d 759, 763 (2d Cir.1994) (district courts and the Federal Court of Claims have original and concurrent jurisdiction, respectively, over suits to recover wrongfully-assessed taxes, provided the plaintiff has first filed a claim with the IRS and has paid the disputed taxes) (citations omitted), nor is Rule 60(b) an avenue for a party to circumvent the statutory limits on the jurisdiction of the Tax Court, see, e.g., Commissioner v. McCoy, 484 U.S. 3, 7 (1987) (per curiam); Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 421 (1943).
 
 
 6
 Appellants cite Reo Motors Co. v. Commissioner, 219 F.2d 610, 612 (6th Cir.1955), for the proposition that in extraordinary circumstances, the Tax Court has the power to correct its prior decision even after the decision has become final. Although we have recognized that the Tax Court may, in extraordinary circumstances, have jurisdiction to reconsider its own decision once that decision has become final, see Senate Realty Corp. v. Commissioner, 511 F.2d 929, 931 n. 1 (2d Cir.1975), this case does not present such circumstances.
 
 
 7
 Appellants were aware of their claim that their loss carry-backs should offset their 1982 deficiency. They sought to amend their Tax Court petition to include that contention and then withdrew their request to amend.
 
 
 8
 What the appellants are really trying to accomplish is to have the Tax Court issue a ruling on the preclusive effect of its decision on the 1982 deficiency. No court is required to issue such a ruling in the same litigation in which the ruling is announced.
 
 
 9
 As the Commissioner points out, if the appellants want to assert their claim to offset carry-back losses against the 1982 deficiency, they may pay the tax due and bring a refund action. The court with jurisdiction over that suit would then have to determine (a) the preclusive effect of the Tax Court ruling, i.e., determine whether the issue of an offset either was adjudicated (collateral estoppel) or could have been adjudicated (res judicata), and (b) if there is no preclusive effect on the offset claim, whether the offset claim is valid on its merits. In any event, a clarification motion need not have been entertained by the Tax Court.
 
 
 
 *
 Of the United States Court of Appeals for the Eleventh Circuit, sitting by designation