872 F.2d 1025
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnie HAMILTON, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 88-1524.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Hamilton here challenges the refusal of the Tax Court to reopen an adverse decision that had attained statutory "finality" under 26 U.S.C. Sec. 7481. Because we find no abuse of discretion, we shall affirm the judgment.
 
 
 2
 During the tax years in questions, 1972, 1973, and 1974, Petitioner Hamilton owned and operated several restaurants in Michigan and California. In the course of a field audit, an Internal Revenue Service agent determined that Mr. Hamilton had understated his income for those years. A statutory notice of deficiency was issued.
 
 
 3
 On July 9, 1981, Mr. Hamilton filed a petition in the Tax Court seeking a redetermination of the deficiencies. In 1982 Mr. Hamilton's original lawyer moved to withdraw as counsel. On April 30, 1984, attorney Fred K. Persons entered an appearance vice the original counsel.
 
 
 4
 On June 10, 1987, after a full trial, the Tax Court issued a 46-page opinion upholding the Commissioner's determination of deficiencies and addition to tax. Thirty days later, on July 10, 1987, three attorneys from the firm of Rubenstein, Isaacs, Lax and Bordman entered appearances on behalf of Petitioner and moved for reconsideration of the Tax Court's decision. Mr. Persons did not attempt to withdraw as counsel of record, nor did Petitioner move to have him withdrawn.
 
 
 5
 On July 14, 1987, the attorneys from Rubenstein, Isaacs filed a motion to vacate or revise the decision under Rule 162 of the Tax Court Rules of Practice and Procedure. The Tax Court denied both motions on July 20, 1987, pointing out that although Petitioner made offers of proof which, if believed, might have whittled down the amounts of the deficiencies somewhat, the bulk of the deficiencies would have remained--and there was no reason to let Petitioner relitigate his case in any event.
 
 
 6
 A copy of the Tax Court's order was promptly mailed by the clerk's office to Mr. Persons, Petitioner's first counsel of record, as required by Rule 21(b)(2) of the Tax Court Rules of Practice and Procedure:
 
 
 7
 "Where more than one counsel appear for a party, service will be made only on that counsel whose appearance was first entered of record, unless that counsel notifies the Court, by a designation of counsel to receive service filed with the Court, that other counsel of record is to receive service, in which event service will be made only on the person so designated."
 
 
 8
 Mr. Persons is said to have neglected to pass on his copy of the Tax Court ruling to Petitioner Hamilton or to Rubenstein, Isaacs. Petitioner therefore did not learn of it until February 1, 1988, when an attorney from Rubenstein, Isaacs called the clerk's office to inquire about a demand petitioner had received for payment of deficiencies.
 
 
 9
 On February 18, 1988, Petitioner filed a "Motion for Relief from [the June 10, 1987] Order." The Tax Court denied the motion.
 
 
 10
 The Tax Court wrote that under 26 U.S.C. Secs. 7481(a) and 7483, the order had attained statutory finality some five months before Petitioner moved to reopen the case; the motion therefore had to be dismissed for lack of jurisdiction. The Tax Court noted that it had been held that an otherwise final Tax Court decision could be vacated upon a showing of fraud on the court, mutual mistake of fact, or an absence of subject-matter or party jurisdiction. Petitioner Hamilton did not claim that he came within any of these exceptions to the finality rule.
 
 
 11
 Mr. Hamilton argued that the decision ought to have been vacated under Rule 60(b)(1) of the Federal Rules of Civil Procedure, which authorizes a court to relieve a party from a final judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect." The Tax Court assumed (perhaps somewhat charitably) that Rule 60(b)(1) could be applied to the case, but concluded that Mr. Hamilton had not made out a compelling case of mistake, inadvertence, surprise, or excusable neglect:
 
 
 12
 "Here, both parties were served with copies of the Tax Court's order dated July 20, 1987 and accompanying memorandum sur order, service being made upon petitioner through his first counsel of record. It is unfortunate that petitioner did not receive the document, but petitioner and his present counsel are not blameless in that regard. [Citation omitted.] Moreover, respondent has relied upon the Court's decision and has initiated collection activities....
 
 
 13
 We find that the competing interest in finality of this Court's decisions, the orderly administration of the tax assessment and collection procedures, and judicial economy outweigh petitioner's claim for another bite of the apple by way of relief under Rule 60(b)(1) of the Federal Rules of Civil Procedure."
 
 
 14
 Hamilton v. Commissioner, Memorandum Sur Order, No. 17085-81, slip op. at 10-11 (Tax Ct. April 11, 1988).
 
 
 15
 The Tax Court's memorandum sur order contains a thorough and scholarly treatment of the issue presented, and, we believe, disposes of it correctly. Tax Court Rule 21(b)(2) is quite explicit in saying that only the first counsel of record is to receive service. Mr. Hamilton's lawyers from the Rubenstein, Isaacs firm knew or should have known of Rule 21(b)(2), and should have filed a designation of counsel to receive service when they began their representation of Mr. Hamilton. The Tax Court was correct in refusing to find "excusable neglect."
 
 
 16
 The decision of the Tax Court is AFFIRMED.