**Ralph Harold HARBOLD,
Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 94–1360.

United States Court of Appeals,
Sixth Circuit.

Argued March 30, 1995.

Decided April 13, 1995.

lapsed since the decision was entered. For the reasons that follow, we affirm.

## I.

On December 5, 1988, respondent, the Commissioner of Internal Revenue (the "Commissioner"), issued two notices of deficiency to petitioner Ralph Harold Harbold determining that petitioner was liable for various deficiencies in and additions to his federal income tax liabilities for the taxable years 1976 through 1982. The deficiencies arose out of the Commissioner's disallowance of loss deductions claimed by petitioner from transactions with First Western Government Securities, Inc. ("First Western"), and from an airplane leasing activity. On March 1, 1989, petitioner timely filed a petition with the Tax Court seeking a redetermination of the income tax deficiencies and additions to the tax determined by the Commissioner.

On February 12, 1990, petitioner and counsel for the Commissioner executed a stipulation of settled issues whereby the losses arising from the aircraft leasing activity were mutually settled. On August 22, 1991, the Tax Court entered an order calendaring this case for a pre-trial hearing to be held on November 13, 1991, in Louisville, Kentucky. The purpose of the hearing was to determine whether summary judgment would be appropriate on the First Western issues in light of several test cases concluding that First Western transactions would not be recognized for tax purposes because they were tax-avoidance schemes. *See Freytag v. Commissioner*, 89 T.C. 849, 1987 WL 45307 (1987), *aff'd*, 904 F.2d 1011 (5th Cir.1990), *aff'd*, 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991). In that connection, the August 22, 1991 order stated:

> The purpose of this hearing is to determine the reason that the Court should not grant summary judgment on the First Western issues. UNLESS THERE IS A SETTLEMENT DOCUMENT EXECUTED PRIOR TO THE HEARING, IF THERE IS NO APPEARANCE BY OR

Robert C. Webb (argued and briefed), Brown, Todd & Heyburn, Louisville, KY, for petitioner-appellant.

Richard Farber (briefed), Steven W. Parks (argued), Gary R. Allen, Acting Chief, U.S. Dept. of Justice, Appellate Section Tax Div., Washington, DC, for respondent-appellee.

Before: KENNEDY and MILBURN, Circuit Judges; WISEMAN,* District Judge.

MILBURN, Circuit Judge.

Petitioner appeals the Tax Court's order denying his motion for special leave to file a motion to vacate its decision and to withdraw stipulations entered in this tax liability case. We have jurisdiction over appeals from the Tax Court pursuant to I.R.C. § 7482(a). On appeal, the issue is whether the Tax Court had jurisdiction to consider petitioner's motion for special leave to file a motion to vacate its decision and to withdraw stipulations where the underlying decision had become final because more than 90 days had

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

ON BEHALF OF THE PETITIONER(S) AT THIS HEARING, THE CASE WILL BE DISMISSED FOR FAILURE TO PROSECUTE, AND A DECISION WILL BE ENTERED SUSTAINING RESPONDENT'S DETERMINATION IN FULL. THIS HEARING WILL NOT BE CONTINUED FOR ANY REASON.

J.A. 46 (Order, August 22, 1991). In addition, a statement attached to the order provided:

The Court realizes that some petitioners may have to incur expenses in traveling. That fact, however, will not excuse a failure to appear. The court also recognizes that the date set may be inconvenient for some petitioners. Again, however, that fact will not excuse a failure to appear. The Order is issued in ample time to allow any petitioner, who is inconvenienced by the date, time to obtain a representative, who is qualified to practice before this Court, to appear on his or her behalf.

J.A. 47 (Attachment to Order, August 22, 1991).

Petitioner received notification of the November 13, 1991 pre-trial hearing while he was incarcerated at the Taylorsville, Illinois Correctional Center. On September 11, 1991, he petitioned for a writ of habeas corpus with the United States District Court for the Western District of Kentucky in order to appear at the pre-trial hearing. The district court denied the petition by an order entered October 4, 1991. The order stated that the district court lacked jurisdiction to grant the petition because petitioner was confined outside the Western District of Kentucky and that the petition and its exhibits would be returned to petitioner so he could file a petition with a court having territorial jurisdiction. There is nothing to indicate that, nor does petitioner argue that, a petition was subsequently filed with the proper court.

On or about October 25, 1991, petitioner had a telephone conversation with the Commissioner's counsel, Michael Steiner, to request a continuance of the November 13, 1991 pre-trial hearing. Petitioner claims that Steiner stated that the Tax Court would not grant petitioner a continuance and that the Commissioner would have judgment entered against petitioner if he did not appear for the pre-trial hearing. Steiner denies that such representations were made. Petitioner claims that as a result of these misrepresentations, he signed a stipulated decision on November 5, 1991, while he was still in prison.

At the call of the calendar for the pre-trial hearing on November 13, 1991, Steiner appeared and filed the stipulated decision and an underlying stipulation showing the computations for each tax year in question. Accordingly, the Tax Court entered the decision on November 19, 1991, and the case was closed. Petitioner states that on or about November 27, 1991, he mailed a handwritten notice of appeal to the U.S. Bankruptcy Court in Louisville, Kentucky (the location where petitioner's pre-trial hearing was to be held).

On November 24, 1993, petitioner filed a motion for special leave to file a motion to vacate the decision and withdraw the stipulations. In the motion, petitioner stated that he signed the stipulated decision while he was in prison and in reliance on the alleged false representations by Steiner; that the assessment of the deficiency for his 1979 taxable year was barred by the statute of limitations; and that he "filed" a timely notice of appeal, although it was mailed to the incorrect address. Petitioner concluded that these factors "constitute 'extraordinary circumstances' justifying the Court granting leave for the filing of the Motion to Vacate Decision and Withdraw Stipulations." J.A. 17 (Petitioner's Motion for Special Leave to File Motion to Vacate Decision and Withdraw Stipulations).

The Commissioner opposed the motion for leave. She contended that the Tax Court lacked jurisdiction to reopen petitioner's case because the decision had become final. Attached to the Commissioner's opposition was a declaration by Steiner denying petitioner's allegations. Steiner stated that when he spoke to petitioner, he reminded him of the substance of the Tax Court's August 22, 1991 order. He further stated that after the conversation, petitioner's sister hand-delivered to him the stipulated decision signed by petitioner.

On February 3, 1994, the Tax Court denied petitioner's motion for leave by a written order. On March 31, 1994, petitioner timely filed this appeal from the Tax Court's order denying his motion for leave.

## II.

Petitioner argues that the Tax Court abused its discretion in denying his motion for leave. Petitioner asserts that the Tax Court's decision should be vacated because the assessment relating to the 1979 tax year was barred by the statute of limitations and because the underlying stipulation was tainted by duress. At several places in petitioner's brief, he makes clear that he is asking only for his day in court.

We recognize that the Tax Court's denial of a motion for leave to file a motion to vacate is generally reviewed for an abuse of discretion. *Abatti v. Commissioner*, 859 F.2d 115, 117 (9th Cir.1988); *Mars v. Commissioner*, 947 F.2d 945, 1991 WL 229976, at *4 (6th Cir.1991) (per curiam) (unpublished disposition); *see Louisville & Nashville R.R. Co. v. Commissioner*, 641 F.2d 435, 443–44 (6th Cir.1981)(applying an abuse of discretion standard in reviewing the Tax Court's grant of the Commissioner's motion for revision); *BASF Wyandotte Corp. v. Commissioner*, 532 F.2d 530, 539 (6th Cir.1976) (applying an abuse of discretion standard in reviewing the Tax Court's denial of the taxpayer's untimely motion for reconsideration). However, the issue in this case is whether the Tax Court had jurisdiction to grant petitioner's motion. This issue presents a question of law which is reviewed de novo. *See North Am. Rayon Corp. v. Commissioner*, 12 F.3d 583, 586 (6th Cir.1993).

A decision of the United States Tax Court becomes final "[u]pon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time." I.R.C. § 7481(a)(1). The time allowed for filing a notice of appeal is "90 days after the decision of the Tax Court is entered." I.R.C. § 7483. The Tax Court, which was created pursuant to article I of the Constitution of the United States, "is a court of limited jurisdiction and lacks general equi-table powers." *Commissioner v. McCoy*, 484 U.S. 3, 7, 108 S.Ct. 217, 219, 98 L.Ed.2d 2 (1987) (per curiam); *Louisville Builders Supply Co. v. Commissioner*, 294 F.2d 333, 339 (6th Cir.1961); *see also Judge v. Commissioner*, 88 T.C. 1175, 1180–81, 1987 WL 49322 (1987) (stating that the Tax Court "may only exercise jurisdiction to the extent expressly permitted by Congress"). There is no statute that allows the Tax Court to re-open a final decision. Thus, once a decision of the Tax Court becomes final, the Tax Court no longer has jurisdiction to consider a motion to vacate its decision.

This conclusion finds ample support in the cases. We have previously held that for purposes of the period of limitations for the assessment and collection of tax under I.R.C. § 6503(a), a decision of the Tax Court becomes final 90 days after it is decided, when the time for appeal has expired. *See United States v. Hans*, 921 F.2d 81, 82–83 (6th Cir. 1990). Several circuits have held that the Tax Court has no authority to vacate its original decision after it becomes final. *See Abatti*, 859 F.2d at 118; *Webbe v. Commissioner*, 902 F.2d 688, 688–89 (8th Cir.1990); *Stickler v. Commissioner*, 464 F.2d 368, 370 (3d Cir.1972) (per curiam); *see also Lentin v. Commissioner*, 243 F.2d 907, 908–09 (7th Cir.1957).

In this case, the Tax Court entered its decision on November 19, 1991. Petitioner states that on or about November 27, 1991, he mailed a handwritten notice of appeal to the U.S. Bankruptcy Court in Louisville, Kentucky. Because this notice was never received by the Tax Court, it cannot be deemed filed. Thus, the Tax Court's decision became final 90 days after its entry on November 19, 1991, and the Tax Court was deprived of jurisdiction to consider petitioner's motion for leave.

Courts have recognized exceptions to the rule governing the finality of Tax Court decisions. In *Reo Motors, Inc. v. Commissioner*, 219 F.2d 610 (6th Cir.1955), the Sixth Circuit concluded "that the Tax Court has [the discretionary] power in extraordinary circumstances to vacate and correct its decision even after it has become final, similar to the jurisdiction of a court to grant a writ of error

*coram nobis.*" *Reo Motors,* 219 F.2d at 612. Petitioner claims that the Tax Court had the discretion to reopen its decision under *Reo Motors* since there were extraordinary circumstances because petitioner was allegedly in a weaker position than the Commissioner in that he was unsophisticated in tax matters and in prison during the settlement negotiations and because he relied on the alleged misrepresentations of Steiner. However, *Reo Motors* was overruled by the Supreme Court's per curiam affirmance of *Lasky v. Commissioner. See Lasky v. Commissioner,* 235 F.2d 97 (9th Cir.1956), *aff'd,* 352 U.S. 1027, 77 S.Ct. 594, 1 L.Ed.2d 598 (1957) (per curiam). In *Lasky,* the Ninth Circuit held that the Tax Court did not have jurisdiction to reopen its proceedings where its decision had become final under the statute before the petition to reopen was filed. *Lasky,* 235 F.2d at 100. The Ninth Circuit expressly rejected the *Reo Motors* holding that the Tax Court had inherent power vacate and correct its decisions. *Id.* at 99–100; *see Reo Motors,* 219 F.2d at 612. The Ninth Circuit pointed out that our court failed to consider either *Helvering v. Northern Coal Co.,* 293 U.S. 191, 55 S.Ct. 3, 79 L.Ed. 281 (1934), or *R. Simpson & Co. v. Commissioner,* 321 U.S. 225, 62 S.Ct. 496, 88 L.Ed. 688 (1944), both of which held that the Supreme Court lacked the power to reconsider decisions of the Tax Court because the petitions for rehearing were filed after the opinions of the Tax Court became final, even though the petitions for rehearing were filed during the Supreme Court term and thus were timely under its rules. The Supreme Court affirmed *Lasky* in a per curiam order citing the *Helvering* and *Simpson* cases. *Lasky v. Commissioner,* 352 U.S. 1027, 77 S.Ct. 594, 1 L.Ed.2d 598 (1957) (per curiam). Therefore, *Reo Motors* has been overruled and is no longer binding on us. Accordingly, we reject petitioner's argument that the Tax Court had the discretion to reopen its decision based on the allegedly extraordinary circumstances present in this case.

■ Other circuits have recognized an exception upon a showing of fraud on the court. *Stickler,* 464 F.2d at 370; *Toscano v. Commissioner,* 441 F.2d 930, 933 (9th Cir.1971); *Kenner v. Commissioner,* 387 F.2d 689, 691 (7th Cir.), *cert. denied,* 393 U.S. 841, 89 S.Ct. 121, 21 L.Ed.2d 112 (1968); *see also True v. Commissioner,* 999 F.2d 540, 1993 WL 272478, at *2 (6th Cir.1993) (per curiam) (unpublished disposition); *see Chao v. Commissioner,* 92 T.C. 1141, 1141, 1989 WL 53824 (1989). In this case, petitioner contends that the Tax Court should have reopened his case because the alleged misrepresentations by Steiner constituted fraud on the court. We disagree for the same reasons recited by the Tax Court in its order. First, even if Steiner had made the statement attributed to him by petitioner, which Steiner denies, the statement would have been correct. The purported statement merely reflected the substance of the Tax Court's August 22, 1991 order, which was that petitioner's failure to appear would result in dismissal of his case and that the case would not be continued. Second, the alleged misrepresentation by Steiner would not have constituted fraud on the court. The phrase "fraud on the court" has been narrowly read, and "the concept should 'embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.'" *Kupferman v. Consolidated Research & Mfg. Corp.,* 459 F.2d 1072, 1078 (2d Cir.1972) (quoting 7 *Jeremy C. Moore et al., Moore's Federal Practice* ¶ 60.33, at 511 (1971)); *Toscano,* 441 F.2d at 933–35; *see True,* 999 F.2d 540, 1993 WL 272478, at *3; *Hamilton v. Commissioner,* 872 F.2d 1025, 1989 WL 25782, at *2 (6th Cir.1989) (per curiam) (unpublished disposition). Thus, the Tax Court correctly concluded that no exception to the rule of finality applied.

Petitioner cites *Snyder v. Commissioner,* 894 F.2d 1337, 1990 WL 6953, at *1 (6th Cir.1990) (per curiam) (unpublished decision), and argues that the Tax Court cannot refuse to vacate and revise its decision under certain circumstances. Although we agree with petitioner's argument, it is significant that *Snyder* involved a motion to vacate that was filed before the Tax Court's decision became final. *See id. Snyder* is distinguishable be-

cause, in this case, petitioner's motion was not filed until after the Tax Court's decision became final. Petitioner also cites *LaBow v. Commissioner*, 763 F.2d 125, 129 (2d Cir. 1985), wherein the Second Circuit found that the Tax Court abused its discretion in denying a taxpayer's untimely motion for reconsideration. In *LaBow*, the taxpayer missed by several days the deadline for filing a motion for reconsideration, which is normally 30 days but which had been extended an additional 30 days by the Tax Court. *Id.* However, the taxpayer did file the motion before the decision had become final, which makes *LaBow* distinguishable. Therefore, because neither *Snyder* nor *LaBow* present the question of whether the Tax Court may vacate a decision after it has become final, they are inapplicable to this case.

The Tax Court concluded that even if it had jurisdiction to grant defendant's motion for leave, a hearing on the matter was not necessary. It then noted several substantial inconsistencies in petitioner's allegation. Petitioner wants his day in court so that he may argue that the assessment of the deficiency for his 1979 taxable year was barred by the statute of limitations. However, as the Tax Court pointed out, there is no reference to the statute of limitations defense in petitioner's petition. Finally, we reject petitioner's argument that he "filed" a timely notice; we do not see how petitioner can seriously make this argument when the notice of appeal was never received by the Tax Court because it was improperly mailed to the bankruptcy court in Louisville, Kentucky.

In summary, we conclude that because the Tax Court's decision in this case was final, the Tax Court was without jurisdiction to entertain petitioner's motion for leave. Likewise, we agree with the Tax Court's conclusion that no hearing was necessary on petitioner's motion for leave. Therefore, because the Tax Court was without jurisdiction—and consequentially without the authority—to grant petitioner's motion, we must reject petitioner's argument that the Tax Court abused its discretion in denying petitioner's motion for leave.

## III.

For the reasons stated, the Tax Court's order is AFFIRMED.