T.C. Memo. 1997-527


UNITED STATES TAX COURT


ANTHONY F. CUTAIA AND SUSAN D. CUTAIA, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10742-95.                    Filed November 24, 1997.


Richard J. Rothman, Jeffrey H. Pasternak, and Gilbert T. Perlman, for petitioners.

Drita Tonuzi, Henry S. Schneiderman, and Roland Barral, for respondent.


MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on petitioners' motion for leave to file motion to vacate decision and enter revised decision (petitioners' motion).  Respondent filed an objection to the granting of petitioners' motion and an affidavit setting forth facts in support of that objection (respondent's objection).  We shall deny petitioners' motion.

Background

On March 16, 1995, respondent issued a notice of deficiency (notice) to petitioners that determined a deficiency in, and additions to, their Federal income tax for each of the years 1978, 1981, 1982, and 1983 (years at issue). On June 19, 1995, petitioners timely filed a petition. This case was calendared for trial at the Court's trial session in New York, New York, that began on June 17, 1996. On that date, a stipulation of settlement (stipulation of settlement) executed by the respective counsel for petitioners and respondent was filed in this case, and 30 days, until July 17, 1996, were requested, and granted by the Court, within which to submit stipulated decision documents. The stipulation of settlement stated, inter alia: "THE PARTIES AGREE TO THIS STIPULATION OF SETTLEMENT WHICH RESOLVES ALL OF THE ISSUES IN THIS CASE."

On July 9, 1996, respondent provided petitioners with computations reflecting the stipulation of settlement. On July 30, 1996, the Court issued an order in which it directed the parties to submit stipulated decision documents to the Court or otherwise file appropriate motions with the Court on or before August 15, 1996. On August 15, 1996, respondent filed a motion for entry of decision in this case (respondent's motion for entry of decision) to which the Court ordered petitioners to respond by September 5, 1996. On September 3, 1996, the Court received stipulated deci-

sion documents that were executed by the respective counsel for petitioners and respondent.[1]  On September 4, 1996, the Court entered a decision in this case pursuant to the agreement of the parties.

After the decision in this case was entered for the years at issue, petitioners and respondent signed on September 6 and October 17, 1996, respectively, a closing agreement with respect to petitioners' taxable years 1979 and 1980 (closing agreement). The closing agreement set forth the agreement of petitioners and respondent (1)(a) that petitioners have a Federal income tax liability for their taxable year 1979 in the amount of $1,855, which was assessed and paid in full, and (b) that there is no deficiency in Federal income tax due from, or overpayment due to, petitioners for that year; and (2)(a) that petitioners have a Federal income liability for their taxable year 1980 in the amount of $92,744 and (b) that there is an overpayment in Federal income tax due them for that year in the amount of $141,335.

Discussion

The Court's decision in this case was entered on September 4, 1996.  No notice of appeal or timely motion to vacate or revise the decision was filed in this case, see sec. 7483[2] and

---

[1]  Consequently, the Court denied respondent's motion for entry of decision as moot.

[2]  All section references are to the Internal Revenue Code in
(continued...)

Rule 162, and the decision herein became final on December 3, 1996. See sec. 7481(a)(1); Fed. R. App. P. 13(a).

Petitioners' motion was filed on August 29, 1997, almost a year after the Court entered the decision in this case. Once a decision becomes final, the Court may vacate it only in narrowly circumscribed situations, such as where the decision was obtained through fraud on the Court, see Abatti v. Commissioner, 859 F.2d 115, 118 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); Senate Realty Corp. v. Commissioner, 511 F.2d 929, 931 n.1 (2d Cir. 1975), or where the decision is void or a legal nullity for lack of this Court's jurisdiction over either the subject matter or the party, see Billingsley v. Commissioner, 868 F.2d 1081, 1084-1085 (9th Cir. 1989); Abeles v. Commissioner, 90 T.C. 103, 105-106 (1988).[3]

The Court of Appeals for the Ninth Circuit has defined the phrase "fraud on the court" to be "'an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" Toscano v. Commissioner, 441 F.2d 930, 934 (9th Cir. 1971) (quoting England v. Doyle, 281 F.2d 304, 309 (9th Cir.

---

[2](...continued)
effect at relevant times. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure.

[3] The Court of Appeals for the Fifth Circuit has indicated that in extraordinary circumstances this Court has the power in its discretion to vacate and correct a final decision where it is based on a mutual mistake of fact. See La Floridienne J. Buttgenbach & Co. v. Commissioner, 63 F.2d 630 (5th Cir. 1933). But see Harbold v. Commissioner, 51 F.3d 618, 621-622 (6th Cir. 1995).

1960)); see <u>Abatti v. Commissioner</u>, <u>supra</u>. The Court of Appeals for the Second Circuit has adopted the following definition of the phrase "fraud on the court" that is set forth in 7 Moore, Moore's Federal Practice, par. 60.33, at 515 (2d ed. 1974):

> "Fraud on the court" should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases * * *.

See <u>Senate Realty Corp. v. Commissioner</u>, <u>supra</u> at 931; <u>Kupferman v. Consolidated Research & Manufacturing Corp.</u>, 459 F.2d 1072, 1078 (2d Cir. 1972); see also <u>Abatti v. Commissioner</u>, 86 T.C. 1319, 1325 (1986), affd. 859 F.2d 115 (9th Cir. 1988).

In order to prove fraud on the Court, petitioners have the burden of establishing that "an intentional plan of deception designed to improperly influence the Court in its decision has had such an effect on the Court." <u>Abatti v. Commissioner</u>, <u>supra</u> at 1325; see <u>Drobny v. Commissioner</u>, 113 F.3d 670, 677-678 (7th Cir. 1997), affg. T.C. Memo. 1995-209, and cases cited therein.

Petitioners argue that this Court has the power to vacate the decision in this case under Rule 162 or rule 60(b) of the Federal Rules of Civil Procedure.[4]  Although petitioners' motion

---

[4]  Fed. R. Civ. P. 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following
(continued...)

cites some cases involving application of the phrase "fraud on the court", petitioners do not contend in that motion that the decision in this case was obtained through fraud on the Court. Instead, petitioners contend that they should be granted leave to file a motion to vacate and revise the decision in this case because, subsequent to entry of that decision, they discovered evidence which they claim respondent wrongfully withheld and which they assert shows that they are entitled to interest deductions for their taxable years 1981, 1982, and 1983. Respondent argues that petitioners have not established that this Court should exercise its discretion under Rule 162 to grant them leave to file a motion to vacate and revise the decision in this case. Respondent further argues that not all of the reasons specified in rule 60(b) of the Federal Rules of Civil Procedure are applicable in this Court to relieve a party from a final decision and

---

[4](...continued)
reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. * * *

that, even if they were, petitioners have not shown that they are entitled to the relief that they seek under that rule. We agree with respondent.

Based on our review of the entire record before us, we find that petitioners have failed to show that the decision entered in this case is the result of fraud on the Court or any other situation that warrants our exercise of our discretion under Rule 162 to grant petitioners' motion.

We also reject petitioners' argument relating to rule 60(b) of the Federal Rules of Civil Procedure. Assuming arguendo that all of the reasons specified in that rule were criteria that this Court may apply in deciding whether petitioners' motion should be granted, on the record before us, petitioners have failed to establish that they are entitled to relief under rule 60(b) of the Federal Rules of Civil Procedure. In this connection, the record does not establish as facts petitioners' contentions that they did not have information with respect to certain claimed interest expense deductions for their taxable years 1981, 1982, and 1983 until March 1997, when respondent provided petitioners with final interest calculations, or that they could not have discovered such information prior to that time. Nor does the record show that petitioners could not have included as part of the stipulation of settlement with respondent provisions relating to whether they are entitled to interest expense deductions for those taxable years.

Based on the entire record before us, we find that petitioners have failed to persuade us that we should grant them leave to file a motion to vacate the decision and enter a revised decision in this case.

To reflect the foregoing,

<u>An order will be issued denying petitioners' motion for leave to file motion to vacate decision and enter revised decision</u>.