**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DANNY C. SIMONS; SALLY J. SIMONS,

          Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

          Respondent-Appellee.

Nos. 98-9012 & 98-9013
Appeal From U.S. Tax Court
(T.C. Nos. 13016-80 & 10312-79)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **BARRETT** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioners Danny and Sally Simons (hereinafter "the taxpayers") have been embroiled in disputes with the IRS for many years. This particular part of their dispute began in 1979, when the IRS issued a notice of deficiency relating to taxpayers' 1974 income taxes. The taxpayers filed a petition for redetermination with the Tax Court on July 13, 1979, disputing the notice of deficiency (Tax Ct. No. 79-10312). In 1980, the IRS issued another notice of deficiency, this time relating to taxpayers' 1972 and 1973 income taxes. Again, the taxpayers filed a petition for redetermination in Tax Court disputing the notice of deficiency (Tax Ct. No. 80-13016). During the course of the Tax Court proceedings, the taxpayers' counsel negotiated with the IRS to settle the disputed taxes. The record before us does not contain a copy of the settlement agreement ultimately reached between the taxpayers and the IRS, but it does contain some correspondence from the taxpayers' counsel concerning proposed terms of the settlement. On April 22, 1983, the Tax Court entered decisions in both cases, each of which purported to be "[p]ursuant to agreement of the parties." Tax Ct. Rec. No. 79-10312, Doc. 13 at 1; Tax Ct. Rec. No. 80-13016, Doc. 10 at 1. In No. 79-10312, the Tax Court found that the taxpayers owed additional taxes of $17,071 and a negligence penalty of $854 for tax year 1974. In No. 80-13016, the Tax Court found that the taxpayers owed no additional taxes or penalties for tax

year 1972, but that they owed additional taxes of $23,573 and a negligence penalty of $1,179 for tax year 1973.

The taxpayers allege that they sent the IRS a check for what they believed to be the total obligation due under their settlement agreement with the IRS for tax years 1973 and 1974. They further allege that the IRS erroneously applied the entire payment toward their 1973 tax obligations, plus interest. The IRS has since commenced proceedings in federal district court to collect the allegedly unpaid 1974 tax obligation.

In February 1998, almost fifteen years after the Tax Court issued its two decisions, the taxpayers filed a motion in each case seeking leave to file out of time a motion to vacate. The accompanying motions to vacate alleged the Tax Court lacked jurisdiction to enter the April 1983 decisions. The Tax Court summarily denied both motions for leave to file out of time and, therefore, did not file either of the motions to vacate. The Tax Court did, however, lodge the motions to vacate so they are part of the Tax Court record. The taxpayers now appeal the Tax Court's denial of their motions for leave to file out of time.

A party seeking to vacate a Tax Court decision must file a motion within thirty days after entry of the decision, unless the Tax Court grants the party leave to file out of time. See Tax Ct. R. 162. "[T]he Tax Court's denial of a motion for leave to file a motion to vacate is generally reviewed for an abuse of

-3-

discretion." Harbold v. Commissioner, 51 F.3d 618, 621 (6th Cir. 1995). The facts here, however, raise an additional question of whether the Tax Court had jurisdiction to grant the motion. This issue is a question of law, which we review de novo. See id. A Tax Court decision becomes final ninety days after it is issued if no appeal is taken within that time. See id. "There is no statute that allows the Tax Court to reopen a final decision. Thus, once a decision of the Tax Court becomes final, the Tax Court no longer has jurisdiction to consider a motion to vacate its decision." Id. Some courts have recognized exceptions to this rule, however. One exception is when the motion to vacate is grounded on the Tax Court's lack of jurisdiction over the proceedings, the rationale being that a decision entered in the absence of jurisdiction is not a decision at all and, therefore, never becomes final. See Billingsley v. Commissioner, 868 F.2d 1081, 1084-85 (9th Cir. 1989).

"The Tax Court is a court of limited jurisdiction and the determination of a deficiency and the issuance of a notice of deficiency are absolute preconditions to Tax Court jurisdiction." Alford v. Commissioner, 800 F.2d 987, 988 (10th Cir. 1986) (citations omitted). "In all cases, the jurisdiction of the [Tax] Court also depends on the timely filing of a petition." Tax Ct. R. 13(c). Accordingly, the taxpayers' motions to vacate focused primarily on the validity of the respective

notices of deficiency and on the timeliness of the respective petitions for redetermination.

First, the taxpayers contended that the notices of deficiency were invalid because they were not posted to the IRS' master computer file. Second, the taxpayers argued that the petitions for redetermination were not timely filed. Third, the taxpayers argued that they filed the petitions under duress. Fourth, the taxpayers argued that the civil division of the IRS could not have examined the taxpayers' records before making the deficiency determination for 1973 because the criminal division had previously gathered all those records for use in a criminal prosecution of Danny Simon. Finally, the taxpayers argued that the Tax Court lacked jurisdiction to enter either decision once the taxpayers entered into a settlement agreement with the IRS.

On appeal, the taxpayers shift the focus of their arguments a bit. They generally concede that both petitions for redetermination were timely filed, and they do not pursue their argument that the IRS could not have examined the taxpayers' records before making the deficiency determination for 1973. Therefore, we will deem these issues abandoned on appeal and will not consider them. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994). The taxpayers also raise a number of new arguments concerning the validity of the underlying settlement agreement with the IRS. The existence of an

agreement between the IRS and a taxpayer as to the amount of deficiencies and additions to tax owed does not deprive the Tax Court of jurisdiction.     See Webb v. Commissioner , 68 T.C.M. (CCH) 1106, 1113 (1994).  Therefore, the taxpayers' arguments concerning the validity of the underlying agreement have no effect on the Tax Court's jurisdiction.  As to the remaining arguments that were raised in the Tax Court and pursued on appeal, we conclude that none of them raises a legitimate challenge to the Tax Court's jurisdiction to enter the April 1983 decisions.  In the absence of a legitimate challenge to its jurisdiction, the Tax Court's jurisdiction, the Tax Court did not abuse its discretion in denying the taxpayers' motions for leave to file a motion to vacate out of time.

The judgment of the Tax Court is AFFIRMED.  The taxpayers' two motions for leave to supplement the record are DENIED, and the Commissioner's motion to strike those portions of the taxpayers' briefs referring to documents in the proposed supplemental record that were not before the Tax Court is GRANTED.

Entered for the Court

Robert H. Henry
Circuit Judge

-6-