United States Court of Appeals
Fifth Circuit

**F I L E D**

July 19, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 07-60083
Summary Calendar

EVA QUINONES

                                        Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

                                        Respondent - Appellee

Appeal from a Decison of the United States Tax Court
No. 1414-05

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Petitioner - appellant Eva Quinones appeals the tax court's denial of her motion to vacate its earlier decision. Because the tax court lacked jurisdiction to vacate its decision after the decision became final under § 7481 of the Internal Revenue Code, we AFFIRM.

On February 17, 2006, the tax court dismissed Quinones's case for failure to prosecute and entered a decision sustaining the government's determination of the tax due. On March 27, 2006, Quinones filed a timely motion to vacate the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision, which the tax court denied on April 13, 2006. On October 23, 2006, Quinones filed a motion for leave to file an untimely motion to vacate the decision. The tax court denied that motion as well as a subsequent motion to reconsider.

Whether the tax court had jurisdiction to vacate a final decision is a question of law, which is reviewed de novo. Harbold v. Comm'r, 51 F.3d 618, 621 (6th Cir. 1995). Pursuant to §§ 7481(a) and 7483 of the Internal Revenue Code, a tax court decision becomes final once the time period for filing a notice of appeal has expired, if no notice of appeal was filed during that time.[1] I.R.C. §§ 7481(a), 7483. The notice of appeal must be filed "with the clerk of the Tax Court within 90 days after the decision of the Tax Court is entered." I.R.C. § 7483. A timely motion to vacate the tax court's decision extends that time to run from the order disposing of the motion. FED. R. APP. P. 13(a)(2). As a general rule, once a decision of the tax court becomes final, the tax court lacks jurisdiction to vacate that decision. See, e.g., Davenport Recycling Assoc. v. Comm'r, 220 F.3d 1255, 1259 (11th Cir. 2000).

Quinones did not file a notice of appeal from the tax court's February 17, 2006 decision within the time limits set forth in § 7483. As a result, under § 7481(a), the tax court's decision became final on July 12, 2006, ninety days after the April 13, 2006 order disposing of the timely motion to vacate the decision. Because Quinones filed her second motion to vacate approximately three months after the decision became final, the tax court lacked jurisdiction to vacate its decision and properly denied the motion. Accordingly, we need not reach the merits of this appeal. We AFFIRM.

---

[1] I.R.C. § 7481 provides that "the decision of the Tax Court shall become final . . . [u]pon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time."