**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3773
_____

HEIDI A. HARTMANN,
                                        Appellant
v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(T.C. No. 2096-10)
Tax Court Judge:  Honorable John O. Colvin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 24, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

Opinion filed:  March 14, 2011

_____

OPINION
_____

PER CURIAM.

        Heidi Hartmann, proceeding pro se, appeals from the United States Tax

Court's order dismissing her petition for review for lack of jurisdiction, and from its

subsequent order denying her motion for reconsideration.  For the reasons that follow, we

will affirm.

I.

Because we write for the parties, who are familiar with the background of this case, we discuss that background only briefly here. On December 5, 2007, the Internal Revenue Service's ("IRS") Office of Appeals issued a Notice of Determination Concerning Collection Action pursuant to 26 U.S.C. §§ 6320 and/or 6330, approving a proposed lien and/or levy upon Hartmann's property to collect unpaid income taxes for tax year 2004. Hartmann timely petitioned the Tax Court to review that determination. On August 21, 2008, the Tax Court, apparently pursuant to an agreement by the parties, issued a decision sustaining the determinations in the Notice "except as provided herein." The court provided that Hartmann's 2004 income tax liability was $36,077, plus penalties totaling $6000. Attached to the court's decision were the parties' stipulations that (1) the $36,077 tax liability did not include a prepayment credit for that same amount, and (2) "interest is not included in the above-referenced penalties and . . . interest will be assessed as provided by law on the penalties due from [Hartmann]." Neither party appealed from the Tax Court's decision.

In January 2010, the IRS apparently issued a notice of levy to UBS Financial Services, Inc. ("UBS"), directing UBS to withdraw funds from Hartmann's account so that they could be applied to satisfy interest the IRS claimed she still owed on her 2004 tax liability. Shortly thereafter, Hartmann filed a petition for review in the Tax Court and moved to restrain the collection of funds from her UBS account, alleging that she had already paid the full amount of interest owed. The petition itself indicated that

2

she was challenging a Notice of Determination Concerning Collection Action.

On June 21, 2010, the Tax Court denied Hartmann's motion and dismissed the case, concluding that it lacked jurisdiction to consider the petition because Hartmann was actually challenging a notice of levy, not a notice of determination. The court further held that to the extent she sought to reopen her earlier case as an alternative to pursuing her petition, she could not do so because that case was now final. Hartmann subsequently filed a motion for reconsideration of the Tax Court's June 21, 2010 decision, but the court denied that motion on August 23, 2010. Hartmann now seeks review of these last two Tax Court decisions.

## II.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We exercise plenary review over the Tax Court decisions challenged here. See PNC Bancorp, Inc. v. Comm'r, 212 F.3d 822, 827 (3d Cir. 2000) (stating that this Court exercises plenary review over the Tax Court's legal conclusions).

"The Tax Court is a court of limited jurisdiction," Comm'r v. McCoy, 484 U.S. 3, 7 (1987) (per curiam), and it "may exercise jurisdiction only pursuant to specific legislative enactments." Maier v. Comm'r, 360 F.3d 361, 363 (2d Cir. 2004). As the Tax Court explained in its June 21, 2010 decision, its jurisdiction to review certain IRS collection activity under either § 6320 or § 6330 is triggered only when the IRS Office of Appeals issues a notice of determination and the taxpayer files a timely petition for review. See 26 U.S.C. §§ 6320(c), 6330(d)(1); Boyd v. Comm'r, 451 F.3d 8, 10-11 &

3

n.1 (1st Cir. 2006); Orum v. Comm'r, 123 T.C. 1, 8 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005). Because Hartmann's January 2010 petition sought to challenge a notice of levy, not a notice determination, the Tax Court properly dismissed the petition for lack of jurisdiction.

Nor did the Tax Court err in rejecting Hartmann's alternative request to reopen her earlier case. The Tax Court's decision in that case became final in November 2008, when the time for filing an appeal expired. See 26 U.S.C. §§ 7481(a)(1), 7483. Once a Tax Court decision becomes final, that court generally lacks jurisdiction to disturb it. See, e.g., Stickler v. Comm'r, 464 F.2d 368, 370 (3d Cir. 1972) (per curiam); Davenport Recycling Assocs. v. Comm'r, 220 F.3d 1255, 1259 (11th Cir. 2000); Harbold v. Comm'r, 51 F.3d 618, 621 (6th Cir. 1995). Although courts have identified a few limited exceptions to this jurisdictional bar, see Davenport Recycling Assocs., 220 F.3d at 1259 (stating that "narrow exceptions to this rule have been permitted when: (1) the decision is shown to be void or a legal nullity for lack of jurisdiction . . . ; (2) there has been fraud on the court; or (3) the decision was based on mutual mistake"), none of those exceptions applies here. Accordingly, because Hartmann sought to reopen her earlier case after it had become final, the Tax Court lacked the authority to reopen it.

4

In light of the above, we find no reason to disturb the Tax Court's June 21, 2010 decision.[1] Additionally, Hartmann has not shown that the Tax Court erred in denying her motion for reconsideration. As a result, we will affirm the Tax Court's decisions entered on June 21, 2010, and August 23, 2010, respectively.

---

[1] Despite Hartmann's claim to the contrary, it appears that she does have a means of challenging the IRS's conclusion that she still owes interest on her 2004 tax liability. See 28 U.S.C. § 1346(a) (providing that the district courts have original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected"). It seems doubtful, however, as to whether she could prevail on the merits of such a challenge.